328 So.2d 874 (1976)
Carlyle HATCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. W-230.
District Court of Appeal of Florida, First District.
March 16, 1976.
Rehearing Denied April 12, 1976.
Richard W. Ervin, III, Public Defender, David J. Busch, Asst. Public Defender; and Carlyle Hatchell, in pro per.
Robert L. Shevin, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was charged by information with second degree murder, was tried by jury, found guilty, was adjudged guilty by the court and sentenced. Appellant was represented throughout the trial proceedings and the initial stages of the appeal by private counsel. He has subsequently been represented on this appeal by the public defender. After the filing of the information, appellant's counsel made a "Motion Suggesting Insanity" in which he requested that the court appoint experts to examine the defendant and fix a time for hearing to determine defendant's present mental condition. The court then entered an order appointing a psychiatrist to examine appellant and stated in the order that it appeared there were reasonable grounds to believe that appellant was unable to prepare his defense or to stand trial in the case. The psychiatrist subsequently filed a detailed report of his examination concluding:
"In my opinion, the patient at the present time is probably mentally competent to understand the charges facing him and to adequately assist counsel in his own defense. The patient's amnesic reporting for the alleged event is probably an accurate representation as such amnesias are common in individuals given to alcohol problems. In my opinion he was mentally competent at the time of the alleged offense, though it is possible that he misread the intentions of the other individual or suffered from some diminished coordination which would compromise his control over a weapon. It is my opinion that he understood the nature, quality and wrongfulness of his acts at that time."
It does not appear that a sanity hearing was thereafter held or that the trial judge *875 made an affirmative ruling as to appellant's sanity, or that appellant made any further motion for hearing or for ruling by the court on the proposition. He and his counsel were apparently satisfied with the psychiatric report and his competency to stand trial because the next thing that occurred was a plea of guilty by appellant to the lesser included offense of manslaughter with a negotiated sentence. Subsequently, however, appellant moved to withdraw his guilty plea and the court granted same. Appellant was thereafter tried by jury and found guilty of murder in the second degree. Rule 3.210(a)(1) and (2) states as follows:
"(1) If before or during trial the court, of its own motion, or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is insane, the court shall immediately fix a time for a hearing to determine the defendant's mental condition. The defendant shall designate his attorney to serve as his representative under Fla. Stat. § 394.459(11), F.S.A., in the event the defendant is found mentally incompetent. The court may appoint not exceeding three disinterested qualified experts to examine the defendant and to testify at the hearing as to his mental condition. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party.
(2) If the court decides that the defendant is sane, it shall proceed to trial."
It is our view that appellant waived the foregoing requirements of the Rule as to hearing and a specific ruling by the court on his sanity. He went to trial without making any objection or making any further request for a sanity hearing. The record shows that appellant's counsel announced to the court at the outset of the trial that he was ready for trial. The record further shows that appellant did not plead "not guilty by reason of insanity"; that he did not raise any issue as to the lack of sanity hearing in either his motion for new trial or in his assignments of error. Such question was raised for the first time in appellant's brief on appeal. In addition, the transcript of the trial gives every indication that appellant was fully capable of understanding the charges against him and assisting his counsel in his defense.
In addition to the insanity issue, appellant contends that the trial court erred in not granting his motion for a judgment of acquittal; that the state failed to demonstrate an essential element of the crime of second degree murder, to wit: depraved mind. We have examined the record and find it sufficient to support the jury's verdict.
Affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.