493 So.2d 1089 (1986)
Tammy E. ROLLE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2339.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
*1090 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Tammy E. Rolle appeals her conviction and sentence for trafficking in and delivery of cocaine. She raises two points on appeal, however only one merits discussion. She contends that the trial court erred in finding her competent to stand trial because the requirements of Rule 3.210, Florida Rules of Criminal Procedure were not followed.
Rolle raised the issue of her competency the day before her trial was to begin. Defense counsel filed a motion for psychiatric examination and competency hearing, and submitted a narrative report from the psychiatrist treating Rolle for injuries sustained in a job-related accident two years earlier. The trial court granted the motion for psychological evaluation to the extent that such could be completed before the trial began the next day, but did not rule on the request for a competency hearing.
It is the trial court's responsibility to conduct a hearing on a defendant's competency to stand trial if it reasonably appears necessary. Christopher v. State, 416 So.2d 450 (Fla. 1982) (emphasis added). A defendant is competent to stand trial if he has a sufficient, present ability to consult with his lawyer with a reasonable degree of rational understanding, and he has a rational and factual understanding of the proceedings against him. Dusky v. U.S., 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
At the commencement of the trial, the trial court examined Rolle and engaged in the following colloquy:
THE COURT: Miss Rolle, do you understand what the issue here today is?
MISS ROLLE: Yes, I do.
THE COURT: Under the circumstances, do you understand what's going on?
MISS ROLLE: Yes, I do.
THE COURT: Do you feel that you're able to pay attention to this trial, talk to your lawyer, and aid him in creating your defense?
MISS ROLLE: Yes, I do.
THE COURT: Do you understand what you're charged with?
MISS ROLLE: Yes.

*1091 THE COURT: And do you understand what the penalties for that are?
MISS ROLLE: I believe 15 years.
THE COURT: Is it 15?
MR. JAMES SCHNEIDER: Three year mandatory. [assistant state attorney]
THE COURT: Well, your demeanor, your intelligence in this case  Do you know who I am?
MISS ROLLE: Yes.
THE COURT: What's my role here?
MISS ROLLE: You're the judge.
THE COURT: I'm the judge, right. Of course you know this gentlemen here?
MISS ROLLE: Yes, I do.
THE COURT: What's his name?
MISS ROLLE: Joseph Schneider. [defense counsel]
THE COURT: And he's what?
MISS ROLLE: My attorney.
THE COURT: Do you feel competent to go to trial?
MISS ROLLE: Yes, I do.
THE COURT: Are you taking any kind of medicine?
MISS ROLLE: Not today. I didn't take it.
The trial court also permitted Rolle's psychiatrist to testify regarding her condition since the parties could not agree on the selection of an independent expert to evaluate her.
Based upon Rolle's responses to the trial judge's questions and the substance of the psychiatrist's testimony, we believe the trial court was justified in its finding that there were no reasonable grounds to believe appellant was not competent to stand trial. Therefore we find no error in the trial court's failure to conduct a competency hearing as provided in Rule 3.210.
Accordingly we affirm the judgment and sentence.
AFFIRMED.
DELL and GUNTHER, JJ., and COLBATH, WALTER N., Jr., Associate Judge, concur.