575 So.2d 1274 (1991)
John Edward BOGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 73499.
Supreme Court of Florida.
February 7, 1991.
Rehearing Denied March 20, 1991.
James Marion Moorman, Public Defender and A. Anne Owens, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
John Boggs appeals his convictions of first-degree murder and the resultant sentences of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. Because the trial court erred in denying the motion for appointment of experts to determine Boggs' competency to stand trial, we vacate the sentences, reverse the convictions, and remand with directions that Boggs be retried if he is found to be competent to stand trial.
After their divorce in January 1988, Boggs' ex-wife Jerry moved to Florida to be with her high school sweetheart, Dean Rush. On February 9, 1988 a friend from Ohio telephoned and told Jerry that Boggs' camper truck had been gone for at least twelve hours. Jerry called the Pasco County Sheriff's office to report that she thought Boggs was coming to kill her.
Boggs did not know where Jerry and Dean lived. On February 10, 1988 he *1275 broke into a house trailer shared by Harold Rush and Nigel Maeras, who were being visited at the time by Maeras' daughter, Betsy Ritchie. Boggs shot the three victims numerous times, using both a pistol and a shotgun. Maeras died from at least two shots to the head. Rush received a shotgun wound to the body and died several weeks later. Ritchie survived a combination of five pistol and shotgun wounds.
A grand jury indicted Boggs for the first-degree murder of Maeras, the attempted first-degree murder of Ritchie and Rush (later amended to first-degree murder), and burglary with a firearm. Boggs was extradited from Ohio in May 1988 and stood trial in September. The jury convicted him as charged and recommended that he be sentenced to death on each count of first-degree murder.
On September 12, 1988 Boggs' counsel moved for appointment of a psychiatric expert to assist counsel pursuant to Florida Rule of Criminal Procedure 3.216(a). The court appointed a confidential expert, and that expert attempted to examine Boggs on the 12th. The psychiatrist told counsel that Boggs did not meet the criteria for competence to stand trial, but did meet the criteria for involuntary hospitalization. Following receipt of this information, on September 15 counsel moved for a determination of competency pursuant to Florida Rules of Criminal Procedure 3.210 and 3.211 and asked for the appointment of two or three additional mental health experts.
The court heard this motion to determine competency on September 15. At the suggestion of the assistant state attorney, the court talked with Boggs rather than appointing the requested experts and conducting a formal competency hearing. After speaking with him, the court decided that Boggs was competent to stand trial, and Boggs' trial began on September 19.
Rule 3.210(b) provides in pertinent part as follows:
(b) If, at any material stage of a criminal proceeding, the court ... has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition ... and shall order the defendant to be examined by no more than three, nor fewer than two, experts prior to the date of said hearing.
If a "reasonable ground" exists, the language of rule 3.210(b) is mandatory.
The original psychiatrist's opinion that Boggs was not competent to stand trial provides a reasonable ground for activating the procedure provided in rule 3.210(b). Boggs' frequent assertions that he wanted no delay in going to trial may have influenced the trial court's decision. The proper course on the facts of this case, however, would have been to appoint additional mental health experts and to conduct a hearing on Boggs' competency.[1]
Therefore, we reverse Boggs' convictions and vacate his sentences. The trial court is directed to determine Boggs' competency pursuant to rules 3.210 and 3.211 and, if Boggs is found to be competent, to retry him.[2]
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Muhammad v. State, 494 So.2d 969 (Fla. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987), and Rolle v. State, 493 So.2d 1089 (Fla. 4th DCA 1986), review denied, 503 So.2d 327 (Fla. 1987), relied on by both the trial court and the state, are factually distinguishable. The last expert that examined Muhammad found him competent, and Muhammad refused to cooperate with the additional experts. From the limited facts in Rolle, it appears that her psychiatrist did not unequivocally find Rolle to be incompetent.
[2] Due to our resolution of the case on this issue, we do not address the other issues raised on appeal.