KAHN, J.
In this criminal case, appellant Woodrow Thomas seeks, not review of any ruling made by the trial court, but rather a declaration that the trial court fundamentally erred in failing to reject sua sponte defense counsel’s waiver of a complete competency hearing. We decline to rule in such a manner, although we express no opinion whether appellant may have other remedies against his lawyer.
' After reviewing a report from an institute known as Life Management Center, defense counsel filed a Florida Rule ‘ of Criminal Procedure 3.210(b) motion for competency evaluation. The trial court, having reasonable grounds to believe “that the defendant may be incompetent to proceed,” appointed two mental health experts, and scheduled a hearing on the issue of competency. At that hearing, one of •the appointed experts, Dr. D’Errieo, testified he believed that appellant was incompetent to proceed. Although three competency reports had been filed with the court *1002 by that time, only Dr. D’Errico testified. Defense counsel then stated he intended to present no further evidence. The prosecutor requested a continuance to determine whether he should call the other two psychiatrists.
At a later court appearance, appellant and his counsel stated they did not want to go forward with the competency hearing. It appeared that appellant had, in fact, discharged his previous counsel for raising the competency issue in the first place. Counsel acquiesced in appellant’s request and proceeded to trial at a later date, without requesting further competency proceedings.
At trial, the jury convicted appellant of unarmed robbery and grand theft, but acquitted him of kidnaping. Appellant must proceed before this court on a theory of fundamental error because the record indicates that trial counsel did not object at any time to discontinuing the competency proceedings, nor did counsel ever seek a renewed competency determination.
Appellant urges that Rule 3.210 “unambiguously requires the trial court to order a competency examination and conduct a hearing when it ‘has reasonable ground to believe that the defendant is not mentally competent to proceed.’ ” Nowitzke v. State, 572 So.2d 1346, 1349 (Fla.1990). Appellant argues essentially that once competency proceedings have been invoked, the trial court has no discretion and must conclude the proceedings and rule on the issue. Implicit in this argument is that neither appellant nor counsel may abandon or waive the right to such proceedings. We disagree with this view.
Here, the State does not dispute that Dr. D’Errico’s report and testimony established a reasonable ground to believe that appellant was not mentally competent to proceed. The State also recognizes that the trial court never entered an order finding appellant competent to proceed. Accordingly, under the case law, had this case proceeded to trial over an objection, reversible error would have occurred. See Boggs v. State, 575 So.2d 1274 (Fla.1991) (reversing convictions where trial court denied a requested competency hearing after a court-appointed confidential psychiatric expert advised defense counsel that defendant was incompetent). Appellant, however, did not object and, in fact, affirmatively requested that the case proceed to trial.
Appellants in criminal cases, and their attorneys, might prefer that any error they deem significant be classified as fundamental. An expansive view of fundamental error has tactical advantages for criminal defendants because it allows the defense lawyer to try a case without raising an important objection and then, if unsuccessful, have the appellate court review such objection for the first time. If the defense objects before the trial court, that court can consider the matter and make a ruling, thereby, in many cases obviating the need for any further review. In this case, for instance, had the defense objected, the trial court could have proceeded with the competency hearing and, for all anyone knows, entered an order, perfectly supported by the evidence, finding appellant competent to proceed. Because he has raised no other errors besides the competency matter, such a turn of events would have proven very bad tactically for appellant.
Courts and lawyers well know the meaning of fundamental error — a mistake in a proceeding substantial enough to abrogate the need for contemporaneous objection. “[T]he error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Brown v. State, 124 *1003 So.2d 481, 484 (Fla.1960). As the State argues in its brief, fundamental error in Florida is a structural error or an error without which a guilty verdict could not have been obtained. Such an error amounts to a denial of due process. Having made that observation, the State argues that in the present case, appellant’s rights are based upon the Florida Rules of Criminal Procedure and that a rule-based claim can be waived or abandoned. The State further urges that such waiver or abandonment did not trigger fundamental error.
A no-waiver policy applicable to any initially raised claim of incompetency would not comport with reason. A wide variation of scenarios and tactical decisions can occur in a criminal proceeding. Here, for instance, the record indicates that appellant fabricated his mental health symptoms in an effort to substantiate his original defense counsel’s incompetency strategy. The record further indicates that one mental health expert believed appellant was faking symptoms while another felt he was exaggerating them. Moreover, defense counsel indicated in affidavits that appellant understood the process and was ready and able to assist in his defense.
In an analogous matter, this court has allowed a defendant to waive a competency determination. See Hatchell v. State, 328 So.2d 874 (Fla. 1st DCA 1976). In Hatc-hell, defense counsel filed a Motion Suggesting Insanity, requesting the court to appoint experts. Id. at 874. The initial expert returned a report concluding, “the patient at the present time. is. probably mentally competent to understand the charges facing him and to adequately assist counsel in his own defense.” Id. The trial court neither conducted a sanity hearing, nor made an affirmative ruling as to HatehelJ’s sanity. Id. at 874-75. Defendant made no further motion for hearing or for ruling by the court. Id. at 875. “He and his counsel were apparently satisfied with the psychiatric report and his competency to stand trial because the next thing that occurred was a plea of guilty by appellant to the lesser included offense of manslaughter with a negotiated sentence.” Id. Hatchell then moved to withdraw the guilty plea and proceeded to a jury trial at which the jury convicted Hatchell of second degree murder. Id. The controlling rule at that time, Rule 3.210(a)(1) and (2), provided as follows:
(1) If before or during trial the court, of its own motion, or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is insane, the court shall immediately fix a time for a hearing to determine the defendant’s mental condition. The defendant shall designate his attorney to serve as his representative under Fla. Stat. § 394.459(11), F.S.A., in the event the defendant is found mentally incompetent. The court may appoint not exceeding three disinterested qualified experts to examine the defendant and to testify at the hearing as to his mental condition. Other evidence regarding the defendant’s mental condition may be introduced at the hearing by either party.
(2) If the court decides that the defendant is sane, it shall proceed to trial.
This court decided that Hatchell waived the requirements of the rule “as to hearing and a specific ruling by the court on his sanity.” Hatchell, 328 So.2d at 875. As in the present case, the record and transcript presented no evidence, other than the initial competency proceeding, that appellant was not “fully capable of understanding the charges against him in assisting his counsel in his defense.” Id. In the present case, the defense filed no post-trial motion suggesting appellant’s inability to assist in *1004 his own defense thwarted a fair trial. We cannot help but note that the jury acquitted appellant of one of the charges against him.
The court in Hatchell found an implied waiver in a situation where Hatchell himself made no particular statement about his desire to proceed, but simply proceeded. In the present case, appellant made an express waiver by requesting that he proceed to trial. We see no reason to ignore the waiver. See Jones v. State, 378 So.2d 797, 798 (Fla. 1st DCA 1979)(finding “no error in the court’s failure to make a written finding of appellant’s competency, that having been waived”); Bolius v. State, 319 So.2d 85, 87 (Fla. 2d DCA 1975) (finding waiver where defendant entered a negotiated plea notwithstanding the existence of a report indicating that he was incompetent).
The cases relied upon by appellant all involve defendants who were either denied a hearing on competency or had been previously adjudicated incompetent. See Nowitzke, 572 So.2d at 1349-50 (finding error where the trial court failed to hold a second competency hearing after the formerly incompetent defendant exhibited bizarre behavior while entering his plea); Tingle v. State, 536 So.2d 202 (Fla.1988) (reversing where the trial court denied a requested competency evaluation); Scott v. State, 420 So.2d 595 (Fla.1982) (reversing because the trial court refused to grant a hearing); State v. Tait, 387 So.2d 338 (Fla.1980) (noting that the failure to request a hearing does not constitute waiver but holding that a trial court is not required to conduct a hearing in the absence of reasonable grounds to believe the defendant is incompetent); Fowler v. State, 255 So.2d 513 (Fla.1971) (reversing because trial court failed to hold a hearing which had been requested).
In the present case, Dr. D’Errico’s report and testimony did not stand alone. Both counsel and appellant had the benefit of other reports countering the inference of incompetency. The question of whether defense counsel performed competently by making a professional decision to go along with appellant’s wishes and proceed to trial is not properly before us in this case.
AFFIRMED.
ERVIN and BARFIELD, JJ., concur.