IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2390

RICARDO RESHAN
REYNOLDS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 6, 2015.

An appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kristen Bonjour, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant seeks review of the order revoking his probation and sentencing him to prison. He contends that the trial court erred in accepting his plea admitting

to the probation violation without first conducting a competency hearing. We agree and reverse.

Appellant was arrested for a violation of probation (VOP). Thereafter, at the request of the trial court, defense counsel filed a motion to determine Appellant's competency because Appellant attempted to enter an open plea knowing the score sheet minimum for his offense was more than the plea offer from the State. The court appointed an expert to evaluate Appellant. The record does not contain the expert's report, but defense counsel represented at the plea hearing that the expert found Appellant competent to proceed. However, defense counsel also told the trial court several times during the plea hearing that he still had concerns about Appellant's competency because he seemed confused about who his lawyer was and he continued to insist upon entering an open plea to the trial court even though counsel had told him several times that the court would have to impose a longer sentence if he entered an open plea than it would if Appellant accepted the State's plea offer of 60 months in prison. Despite counsel's advice, Appellant entered an open plea admitting the VOP. The trial court accepted the plea and sentenced Appellant to 65.55 months in prison. This timely appeal followed.

In Dougherty v. State, the Florida Supreme Court held that the rules of criminal procedure require the trial court to hold a hearing when the court has reasonable grounds to question the defendant's competency. 149 So. 3d 672, 677

2

(Fla. 2014) (citing Fla. R. Crim. P. 3.210(b)); see also Cochran v. State, 925 So. 2d 370, 373 (Fla. 5th DCA 2006) ("[O]nce the trial court enters an order appointing experts upon a reasonable belief that the defendant may be incompetent, a competency hearing must be held.").  The rules also require the trial court to enter a written order memorializing its finding of competency or incompetency.  See Fla. R. Crim. P. 3.212(b); see also Dougherty, 149 So. 3d at 677 (explaining that if the trial court finds the defendant competent, "it must enter a written order so finding").  If the trial court fails to hold a competency hearing or enter a written order of competency, reversal is required; however, a new trial (or, here, a new VOP hearing) is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial or hearing.  Id. at 679 (explaining that "a *nunc pro tunc* competency evaluation could be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing'") (quoting Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)); see also Merriell v. State, 40 Fla. L. Weekly D1821 (Fla. 1st DCA Aug. 4, 2015); Hunter v. State, 40 Fla. L. Weekly D1109 (Fla. 1st DCA May 12, 2015); Ross v. State, 155 So. 3d 1259 (Fla. 1st DCA 2015).

Here, the trial court apparently had reasonable grounds to believe that Appellant was not competent to proceed because the court appointed an expert to

3

evaluate Appellant. Although the expert evidently determined that Appellant was competent, the trial court did not hold a hearing on the issue or enter an order finding Appellant competent to proceed before accepting his plea admitting to the probation violation. This was error.

The State contends that this error does not require reversal because Appellant waived his right to a competency hearing by not specifically requesting a hearing and by continuing with the plea hearing despite his counsel still having concerns with Appellant's competency. In support of this position, the State relies primarily on Thomas v. State, 894 So. 2d 1000 (Fla. 1st DCA 2005), and Hatchell v. State, 328 So. 2d 874 (Fla. 1st DCA 1976). We find those cases distinguishable.

In Thomas, defense counsel questioned the defendant's competency, and the trial court appointed two experts and scheduled a hearing on the issue. See 894 So. 2d at 1001. At a later hearing, the defendant and his counsel stated that they did not wish to go forward with the competency hearing. Id. at 1002. Importantly, defense counsel affirmatively agreed with the defendant's desire to proceed to trial without further competency proceedings. Id.; see also id. at 1003 ("[D]efense counsel indicated in affidavits that appellant understood the process and was ready and able to assist in his defense."). On appeal after the defendant was convicted at trial, we agreed with the State that the defendant waived his right to a competency hearing, id. at 1003, and we declined to find that the trial court fundamentally erred

4

in failing to reject *sua sponte* defense counsel's waiver of a complete competency hearing. Id. at 1001.

Likewise, in Hatchell, defense counsel questioned the competency of the defendant, and the trial court appointed an expert to examine the defendant. See 328 So. 2d at 874. The trial court did not hold a competency hearing and no hearing was requested by defense counsel. Id. at 874-75. However, "[the defendant] and his counsel were apparently satisfied with the psychiatric report and his competency to stand trial because the next thing that occurred was a plea of guilty . . . ." Id. at 875 (emphasis added). On appeal, after the trial court allowed the defendant to withdraw his plea and he was convicted at trial, we rejected the defendant's argument that reversal was required because the trial court failed to hold a competency hearing, and we held that the defendant had waived his right to a hearing by his counsel proceeding to trial without making any objection and without making any further request for a competency hearing. Id.

Unlike Thomas and Hatchell, defense counsel in this case did not agree to Appellant's competency or acquiesce in his desire to proceed; to the contrary, counsel continued to express concerns with Appellant's competency throughout the plea hearing. The fact that Appellant was adamant about proceeding cannot be viewed as a waiver of his right to a competency hearing because "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or

5

intelligently 'waive' his right to have the court determine his capacity to stand trial." Pate v. Robinson, 383 U.S. 375, 384 (1966). Likewise, the fact that Appellant responded affirmatively when the trial court asked him during the plea colloquy whether he was "clearheaded today" and understood what he was doing does not substitute for the competency hearing required by the rules of criminal procedure.[1]

Accordingly, because the trial court failed to hold a competency hearing prior to accepting Appellant's plea, we are compelled to reverse the revocation order and resulting sentence. On remand, the trial court shall hold a hearing and make a *nunc pro tunc* determination of Appellant's competency at the time of his

---

[1] We note that despite the affirmative responses from Appellant and the clear explanations provided to him by the trial court and defense counsel about the consequences of an open plea, the following colloquy suggests that Appellant did not actually understand what was going on:

> THE COURT: But Mr. Reynolds, before you keep going ahead with this plea, you understand that, under the law, I essentially am required to sentence you to a minimum . . . of the 65 months, as opposed to the 60 that's been offered.
>
> *   *   *
>
> THE DEFENDANT: Yes, sir, I was told that it's both sides that you could either choose on. But if I, if I lose, I could get the max; if I don't, you can terminate this thing or show, show mercy or any kind of favor to me other than giving me the max, if I do lose this open plea.

plea, or if it is unable to do so, the court shall grant Appellant a new VOP hearing. See Mason, 489 So. 2d at 737 ("Should the trial court find, for whatever reason, that an evaluation of [a defendant's] competency at the time of the original trial cannot be conducted in such a manner as to assure [the defendant] due process of law, the court must so rule and grant a new trial.") (quoted with approval in Dougherty, 149 So. 3d at 679).

REVERSED and REMANDED for further proceedings.

LEWIS, WETHERELL, and MAKAR, JJ., CONCUR.