IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILMARIO TRUEBLOOD,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D14-2477 & 14-2478

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed June 15, 2016.

An appeal from the Circuit Court for Leon County.
Jackie L. Fulford, Judge.

Melissa Joy Ford, Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Quentin Humphrey, Assistant Attorney General; and Trisha Meggs Pate, Bureau Chief-Tallahassee Criminal Appeals, Tallahassee, for Appellee.

PER CURIAM.

In these consolidated cases, Wilmario Trueblood appeals his judgments and sentences for two counts of burglary and one count of grand theft. He argues that the trial court erred by failing to hold a competency hearing after finding reasonable grounds to appoint an expert who conducted an examination of

Trueblood. He also claims the trial court abused its discretion by admitting testimony about other crimes he committed. We affirm the latter issue without comment, but agree that it was error to not hold a competency hearing.

On April 9, 2013, defense counsel filed a motion for competency evaluation in each case pursuant to Rules 3.210 and 3.211(a) and (b), Florida Rules of Criminal Procedure. Defense counsel alleged that Trueblood "has an extensive mental history" and that counsel did not believe he was "capable of assisting in the preparation of his defense, capable of testifying in his own defense, or capable of maintaining appropriate courtroom behavior." Defense counsel averred that the motion was made in good faith and on reasonable grounds. The trial court granted the motion, stating that the issue of competency had "been raised in accordance with the provisions of Rule 3.210(b), Fla. R. Crim. P." and the trial court had "reasonable grounds to believe that the Defendant may be incompetent to proceed." The trial court appointed Dr. D'Errico to examine him. After an examination, Dr. D'Errico recommended the trial court find Trueblood competent. No hearing was held, and the trial court made no oral or written finding on Trueblood's competency to proceed.

Defense counsel then filed a second motion to determine competency, stating:

> Although Dr. D'Errico found the Defendant competent to proceed, the undersigned is having a hard time believing that the defendant is

2

competent to proceed based on conversations with the undersigned and would request a second opinion.

A hearing on the second motion was held, during which defense counsel explained that even though Dr. D'Errico found Trueblood competent, counsel doubted the finding given the nature of the case since Trueblood rejected a thirty-five year plea offer, despite scoring a minimum of sixty-nine years and a maximum of 735. So the trial court conducted a plea colloquy of sorts, but did not conduct a competency hearing. The trial court ultimately denied the motion for a second competency evaluation. Defense counsel filed a motion seeking to renew the request for competency evaluation without further arguments and in order to preserve the issue for appeal, which was denied.

A court's decision as to whether a competency hearing or a new evaluation is necessary is reviewed for abuse of discretion. Rodgers v. State, 3 So. 3d 1127, 1132 (Fla. 2009) (providing standard of review for denial of hearing); see Fla. R. Crim. P. 3.210(b) (providing that the court "may order" examination by experts); Boggs v. State, 575 So. 2d 1274, 1275 (Fla. 1991) (holding that trial court should have ordered additional evaluations). However, if a "reasonable ground to believe that the defendant is not mentally competent to proceed" exists, then the requirement that the court hold a hearing is mandatory. Boggs, 575 So. 2d at 1275; Cotton v. State, 177 So. 3d 666, 668 (Fla. 1st DCA 2015) ("[O]nce a trial court has reasonable grounds to question competency, the court has no choice but to conduct

a competency hearing.").

Trueblood correctly claims that he was due a competency hearing after the first motion and corresponding competency report and likens his case to Reynolds v. State, 177 So. 3d 296 (Fla. 1st DCA 2015), wherein this Court explained,

> [T]he trial court apparently had reasonable grounds to believe that Appellant was not competent to proceed because the court appointed an expert to evaluate Appellant. Although the expert evidently determined that Appellant was competent, the trial court did not hold a hearing on the issue or enter an order finding Appellant competent to proceed before accepting his plea admitting to the probation violation. This was error.

Id. at 298. Similarly, the trial court here found reasonable grounds to appoint an expert, who then assessed Trueblood and found him competent. But "reports of experts are merely advisory to the [trial court], which itself retains the responsibility of the [competency] decision." Peede v. State, 955 So. 2d 480, 488 (Fla. 2007). The trial court never held a competency hearing and never made a competency determination. The error occurred at that point, entitling Trueblood to relief. The plea colloquy associated with the second motion did not cure the existing error.

> [O]nce the trial court enters an order appointing experts upon a reasonable belief that the defendant may be incompetent, a competency hearing must be held. We cannot determine why no hearing took place . . . or why the case was originally called for trial on . . . a date prior to the competency hearing. For whatever reason, petitioner apparently was not examined by the second mental health expert, and a competency hearing was never held.

4

Cochran v. State, 925 So. 2d 370, 373 (Fla. 5th DCA 2006) (granting petition for writ of habeas corpus alleging ineffective assistance of counsel for failing to raise this issue on appeal). For clarity, the hearing on the second motion for competency evaluation was to determine whether or not there were reasonable grounds to believe that Trueblood may be incompetent in order to justify an examination—now a second examination. The court did not find such grounds. But regarding the first motion for competency evaluation, the trial court already found that reasonable grounds existed and appointed an expert. A competency hearing was the appropriate next step after the evaluation was conducted. As this Court explained in Brooks v. State, 180 So. 3d 1094, 1095-96 (Fla. 1st DCA 2015),

> If the trial court fails to hold a competency hearing or enter a written order of competency, reversal is required; however, a new trial is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial. A *nunc pro tunc* competency evaluation can be done where there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.

(Internal citation and quotation marks omitted); see also Zern v. State, 2016 WL 2750410 (May 12, 2016) (citing Brooks). In both Brooks and Zern the failure to hold a competency hearing resulted in reversals, as is required here as well.

AFFIRMED in part, REVERSED and REMANDED in part with instructions.

ROBERTS, C.J., MAKAR, and OSTERHAUS, JJ., CONCUR.

5