IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARK ENGLISH,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2133

_____/

Opinion filed November 15, 2017.

An appeal from the Circuit Court for Leon County.
Hon. Kevin J. Carroll, Judge.

Michael J. Titus, Assistant Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Mark English challenges the trial court's failure to conduct a competency hearing, as well as his battery convictions under double jeopardy principles. Concerning the battery convictions, the batteries were predicated on distinct acts and occurred during different criminal episodes. As there is no double jeopardy violation, we affirm as to this issue.

Concerning the failure to conduct a competency hearing, the trial court entered an order, which stated that the court had "reasonable grounds to believe that the Defendant may be incompetent to proceed," appointed an expert for a competency evaluation, and scheduled a hearing on the issue. However, no competency hearing occurred on that date, and the court did not issue an order determining the defendant competent to proceed to trial. After a trial, Appellant was convicted and sentenced.

The State concedes error, if there were reasonable grounds to conduct a hearing. Here, there were reasonable grounds. Reynolds v. State, 177 So. 3d 296, 298 (Fla. 1st DCA 2015) (where "the trial court apparently had reasonable grounds to believe that Appellant was not competent to proceed because the court appointed an expert to evaluate Appellant"). "[I]f a 'reasonable ground to believe that the defendant is not mentally competent to proceed' exists, then the requirement that the court hold a hearing is mandatory." Trueblood v. State, 193 So. 3d 1060, 1061 (Fla. 1st DCA 2016). Accordingly, the trial court erred.

On remand, the trial court shall conduct a nunc pro tunc evaluation of the defendant's competency at the time of the original trial; if unable, a new trial is required. Dougherty v. State, 149 So. 3d 672, 679 (Fla. 2014) (stating that a new trial is unnecessary where a retroactive determination of competency is possible); see also Brooks v. State, 180 So. 3d 1094, 1095 (Fla. 1st DCA 2015) ("If the trial court fails to hold a competency hearing or enter a written order of competency, reversal

2

is required; however, a new trial is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial.").

AFFIRMED in part; REVERSED in part; REMANDED in part with instructions.

WETHERELL, RAY, and MAKAR, JJ., CONCUR.