# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————

No. 1D18-43

———————————————

B. E., a child,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

On appeal from the Circuit Court for Escambia County.
Coleman Lee Robinson, Judge.

September 25, 2018

PER CURIAM.

B.E., a child, challenges her adjudication of delinquency for battery on a public employee, simple battery, misdemeanor criminal mischief, and burglary of an occupied dwelling. She contends the trial court erred in denying her motion for judgment of acquittal, and in failing to hold a competency hearing after it appointed an expert to conduct an evaluation. We affirm the first issue without further discussion. However, we agree with B.E. on the second issue, and reverse and remand.

Shortly after the State filed its petition for delinquency, B.E.'s counsel filed a notice of incompetency and moved for an updated expert evaluation on the basis the child may be incompetent to stand trial. An expert had previously conducted a competency

evaluation and found B.E. to be competent. The trial court granted the motion, appointing the same expert to conduct an updated evaluation. Notwithstanding this appointment, no further proceedings regarding B.E.'s competency were conducted, and no further orders were entered addressing the issue.

Although B.E. did not raise the lack of a competency hearing below, she has a due process right to an independent competency finding once her competency is questioned. *Sheheane v. State*, 228 So. 3d 1178, 1179 (Fla. 1st DCA 2017). We review this issue de novo. *See A.L.Y. v. State*, 212 So. 3d 399, 402 (Fla. 4th DCA 2017) ("Whether the circuit court fundamentally erred in failing to hold a competency hearing presents a pure question of law subject to de novo review.").

Here, because the trial court granted counsel's motion and appointed an expert to conduct an updated evaluation, it had reasonable grounds to question B.E.'s competency. *See Reynolds v. State*, 177 So. 3d 296, 298 (Fla. 1st DCA 2015). Once the trial court had reasonable grounds to question competency, it was required to conduct a hearing on the issue and enter an order independently finding her competent to proceed before conducting the adjudicatory hearing. *See* § 985.19(1)(b), Fla. Stat.; Fla. R. Juv. P. 8.095(a)(2); *see also Trueblood v. State*, 193 So. 3d 1060, 1061-62 (Fla. 1st DCA 2016). However, the trial court failed to do either.

Therefore, we reverse and remand for the trial court to decide whether a *nunc pro tunc* competency determination can be conducted which comports with due process. If it is possible, the trial court shall conduct a hearing and enter a written order accordingly. *See Pearce v. State*, 43 Fla. L. Weekly D1489 (Fla. 1st DCA June 28, 2018) (permitting a *nunc pro tunc* competency evaluation where a sufficient number of expert and lay witnesses who have examined or observed the defendant at or near time of trial are available to offer pertinent evidence). If a retroactive determination is not possible or the trial court determines B.E. was not competent at the time of the hearing, the trial court must conduct a new adjudicatory hearing once it determines she is competent to proceed.

REVERSED and REMANDED for further proceedings.

ROWE, KELSEY, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Jasmine Russell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.