# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4953

_____

A.D.H., A Child,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Terry Lewis, Judge.

September 18, 2019

RAY, C.J.

A.D.H. challenges his adjudication of delinquency for tampering with an electronic monitor. He contends the trial court erred in failing to hold a competency hearing and render a competency determination after the court had reasonable grounds to believe he was incompetent to proceed. Accepting the State's confession of error, we reverse and remand for further proceedings.

During the delinquency proceedings below, defense counsel asked the court for an expert evaluation to determine whether the child was competent to proceed. The court granted the motion and scheduled a competency hearing in accordance with section 985.19, Florida Statutes, and Florida Rule of Juvenile Procedure 8.095(a)(1). Yet nothing in the record indicates that a competency

hearing took place or that a competency determination was made by the court. The court ultimately adjudicated the child delinquent and committed him to a non-secure residential program with nine months of post-commitment probation. After the disposition hearing, the expert's competency evaluation was filed with the court.

Once a court has reasonable grounds to question a defendant's competency, it must hold a competency hearing and make an independent determination on whether the defendant is competent to proceed. *Sheheane v. State*, 228 So. 3d 1178, 1180 (Fla. 1st DCA 2017). "Because an independent competency finding is a due-process right that cannot be waived once a reason for a competency hearing has surfaced, the trial court fundamentally err[s] in failing to make such a finding." *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016); *see also A.L.Y. v. State*, 212 So. 3d 399, 402 (Fla. 4th DCA 2017) (noting that "the procedural rules governing competency determinations in juvenile cases parallel the procedural rules in the adult criminal cases").

In its order for expert evaluation of A.D.H, the court found that reasonable grounds existed to believe that the child may be incompetent to proceed. It was thus required to hold a hearing on the issue and make an independent determination on the child's mental condition. *See* § 985.19(1)(b), Fla. Stat.; Fla. R. Juv. P. 8.095(a)(2); *see also B.E. v. State*, 253 So. 3d 772, 773 (Fla. 1st DCA 2018). Because the court failed to do either, we must reverse.

On remand, the court may make a retroactive determination of competency if it is possible to do so in a manner that comports with due process. *B.E.*, 253 So. 3d at 773. If the court finds that the child was competent at the time of the hearing, it must enter a *nunc pro tunc* order with no change in the adjudication of delinquency. *Id.* But if a retroactive determination of competency is not appropriate or the court determines that the child was not competent at the time of the hearing, the court must conduct a new hearing once it determines that the child is competent to proceed. *Id.*

REVERSED and REMANDED.

WOLF and M.K. THOMAS, JJ., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Jasmine Russell, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.