IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

December 9, 2016

DANTE RASHAD MORRIS,

Appellant,

v.                                           Case No. 2D14-4165

STATE OF FLORIDA

Appellee.
_____

BY ORDER OF THE COURT:

Appellant's motion for rehearing and rehearing en banc is denied; the motion for written opinion is granted. The prior opinion dated July 29, 2016, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

DANTE RASHAD MORRIS,      )
                          )
        Appellant,        )
                          )
v.                        )       Case No.   2D14-4165
                          )
STATE OF FLORIDA,         )
                          )
        Appellee.         )
_____)

Opinion filed December 9, 2016.

Appeal from the Circuit Court for Polk
County; Reinaldo Ojeda, Judge.

Howard L. Dimmig, II, Public Defender,
and Terrence E. Kehoe, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa,
for Appellee.

PER CURIAM.

Dante Rashad Morris appeals his judgments and sentences for attempted

felony murder and attempted armed robbery.  We affirm Mr. Morris's judgments without

comment.  We also affirm his sentences, but we remand his case for the trial court to

enter a correct order on the costs Mr. Morris is required to pay.

Pursuant to a motion to correct sentencing error, see Fla. R. Crim. P. 3.800(b), the trial court entered an order directing that the cost of prosecution was limited to $100 and that any Florida Department of Corrections (FDOC) supervision costs should be stricken because Mr. Morris was not placed on supervision. However, as Mr. Morris argues, and the State correctly concedes, the amended costs order that was subsequently filed still obligates him to pay $100 for the "Additional" cost of prosecution and to pay the FDOC costs.

In denying Mr. Morris' rule 3.800(b) motion, the trial court also rejected Mr. Morris' argument that pursuant to Henry v. State, 175 So. 3d 675 (Fla. 2015), cert. denied, 136 S. Ct. 1455 (2016), he was entitled to resentencing under the framework established by chapter 2014-220, Laws of Florida. We affirm that aspect of the trial court's order on the authority of this court's decision in Williams v. State, 197 So. 3d 569 (Fla. 2d DCA 2016). But see Peterson v. State, 193 So. 3d 1034 (Fla. 5th DCA 2016).

Judgments and sentences affirmed; remanded for trial court to file corrected cost order.

CASANUEVA, SILBERMAN, and KELLY, JJ., Concur.