IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RONALD PAK ZERN,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3058

Opinion filed April 4, 2017.

An appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

Andy Thomas, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

In Zern v. State, 191 So. 3d 962 (Fla. 1st DCA 2016), we reversed Appellant's judgment and sentence based on the trial court's failure to hold a proper competency hearing after receiving the appointed experts' conflicting reports on Appellant's competency, and we remanded for a retroactive determination of Appellant's

competency at the time of trial. On remand, the trial court held an evidentiary hearing at which the experts' reports were introduced and lay and expert testimony was presented regarding Appellant's competency. At the conclusion of the hearing, the trial court orally found that Appellant "was competent on November 12, 2013,[1] and was competent to proceed at the time of trial" (emphasis added). However, the order memorializing this ruling only stated that "on November 12, 2013, [Appellant] was competent to proceed to trial." The court also re-entered Appellant's original judgment and sentence. See id. at 965 ("If the court finds that Appellant was competent at the time of trial, it must enter a *nunc pro tunc* written order memorializing this finding with no change in the judgment.").

On appeal, Appellant argues that the trial court abused its discretion in finding that he was competent at the time of trial because there was no evidence of his competency at that time. We disagree. Although the experts' reports significantly pre-dated the trial and were insufficient on their own to establish Appellant's competency at the time of trial, see, e.g., Brockman v. State, 852 So. 2d 330, 333-34 (Fla. 2d DCA 2003), the evidence presented at the evidentiary hearing on remand also included conflicting testimony from the experts regarding their opinions of Appellant's competency at the time of their additional evaluations of him shortly

---

[1] This was the date of the pre-trial competency hearing described in our prior opinion that did not go forward after defense counsel stipulated that Appellant was competent. See Zern, 191 So. 3d at 964.

before trial.[2]  This testimony was competent substantial evidence from which the court could—and did—find that Appellant was competent at the time of trial.  See Huggins v. State, 161 So. 3d 335, 345 (Fla. 2014) ("[W]here there is evidentiary support for the trial court's resolution of conflicting expert testimony, this court will not disturb the trial court's competency determination.").

Accordingly, we affirm the trial court's retroactive competency determination and Appellant's re-entered judgment and sentence.  However, we remand for the trial court to conform the written order to its oral ruling that Appellant "was competent . . . at the time of trial."  Appellant need not be present for this ministerial act.

AFFIRMED and REMANDED with directions.

WETHERELL, BILBREY, and JAY, JJ., CONCUR.

---

[2]  Although the additional evaluations were focused on Appellant's sanity at the time of the offense, the experts specifically testified at the evidentiary hearing on remand regarding their opinions of Appellant's competency at the time of these evaluations.