# Supreme Court of Florida

_____

No. SC16-2271
_____

**DANTE RASHAD MORRIS**,
Petitioner,

vs.

**STATE OF FLORIDA**,
Respondent.

[May 10, 2018]

PER CURIAM.

Dante Rashad Morris, who was fifteen years old at the time of his crimes, challenges his concurrent sentences of thirty years' imprisonment and fifteen years' imprisonment for the crimes of attempted felony murder and attempted armed robbery, respectively. *See Morris v. State*, 206 So. 3d 154, 154 (Fla. 2d DCA 2016). Although Morris committed his crimes in 2012, before the enactment of chapter 2014-220, Laws of Florida, he was sentenced in 2014, after the statute was enacted. However, by its own terms, chapter 2014-220 does not apply to

Morris. § 921.1402(1) Fla. Stat. (2014).[1]

On November 24, 2012, fifteen-year-old Dante Rashad Morris and five other teenaged boys attempted to rob a vendor at a farmer's market. During the attempt, one of the boys shot the vendor. A jury found that Morris possessed a weapon during the commission of the robbery, but concluded that he did not fire the weapon. Morris was convicted of one count of attempted felony murder and one count of attempted armed robbery.

At the sentencing hearing, where Morris sought a downward departure and youthful offender sentence, the court weighed several factors that the 2014 amendments to section 921.1401, Florida Statutes, now require, including the gravity of the offense and its impact on the victim's health and livelihood, Morris's home life and failure to cooperate with his mother, Morris's continuous gang involvement and the peer pressure placed upon him, evidence of Morris's mental health and learning disabilities, Morris's lack of a prior record, and Morris's age and lack of criminal history. The court ultimately sentenced Morris as an adult, imposing a thirty-year sentence for the attempted felony murder and a concurrent fifteen-year sentence for the attempted armed robbery. His sentence does not provide for judicial review. Thereafter, Morris filed a motion to correct sentencing

1. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const.

errors pursuant to Florida Rule of Criminal Procedure 3.800(b). *Morris*, 206 So. 3d at 154.

The State concedes that Morris is entitled to judicial review of his sentence, stating "if it is unclear that the new statute applied to Morris who was sentenced after its effective date for crimes committed before that date, this case should be remanded solely for the ministerial correction of his sentence to add the 20-year review provision." Answer Br. of State, *Morris v. State*, No. SC16-2271, at 9. Because the sentencing court did not make the required findings at Morris's sentencing hearing to comport with chapter 2014-220, Laws of Florida, and Morris's sentence lacks any review mechanism, based upon this Court's precedent, Morris is entitled to resentencing. *See Lee v. State*, 234 So. 3d 562, 564 (Fla. 2018) ("Lee's sentence does not provide him an opportunity to obtain early release based on a demonstration of maturity and rehabilitation before the expiration of the imposed term. Accordingly, Lee is entitled to resentencing under the juvenile sentencing provisions in chapter 2014-220."); *see also Johnson v. State*, 215 So. 3d 1237, 1243 (Fla. 2017) ("Post-*Henry*, we must ensure that a juvenile nonhomicide offender does not receive a sentence that provides for release only at the end of a sentence . . . .").

It is so ordered.

LABARGA, C.J., and PARIENTE and QUINCE, JJ., concur.
LEWIS, J., concurs in result.

LAWSON, J., dissents with an opinion, in which CANADY and POLSTON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LAWSON, J., dissenting.

In order for a juvenile nonhomicide offender to be entitled to resentencing pursuant to *Graham v. Florida*, 560 U.S. 48 (2010), the offender's sentence must not afford the offender a meaningful opportunity for release from incarceration during his or her lifetime. *Henry v. State*, 175 So. 3d 675, 679-80 (Fla. 2015). Although this Court in *Kelsey v. State*, 206 So. 3d 5, 11 (Fla. 2016), seems to have held that *Graham* requires resentencing for all "juvenile offenders who are sentenced to terms longer than twenty years," I agree with Justices Lewis, Canady, and Polston that *Graham* cannot be read as requiring the resentencing of a juvenile nonhomicide offender unless that offender was sentenced to life, or the functional equivalent of life, without an opportunity for early release. *Kelsey*, 206 So. 3d at 14 (Polston, J., dissenting). Because Morris's sentences in this case are not unconstitutional under *Graham*, as the Second District held below, I would approve the Second District's decision and recede from *Kelsey* to the extent that it requires resentencing of juvenile nonhomicide offenders who were not sentenced to life or its equivalent. I would also recede from *Lee v. State*, 234 So. 3d 562, 563-64 (Fla. 2018), and the statement quoted from *Johnson v. State*, 215 So. 3d

- 4 -

1237 (Fla. 2017), which are cited by the majority as the basis for its decision, but which simply applied the erroneous rule announced in *Kelsey*.

CANADY and POLSTON, JJ., concur.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Second District - Case No. 2D14-4165

(Polk County)

Howard L. Dimmig, II, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, John Klawikofsky, Bureau Chief, and Wendy Buffington, Assistant Attorney General, Tampa, Florida,

for Respondent