DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALDEN BENJAMIN WHITE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2282

[June 6, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 56-2007-CF-004044-B.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant Alden Benjamin White appeals his conviction and sentence to life in prison with twenty-five years as a minimum mandatory, after a jury found him guilty of a second degree murder with a firearm that he committed when he was 17 years old. Appellant raises two issues on appeal: (1) his sentence is illegal because it does not provide for a subsequent judicial review as required for juvenile offenders by section 921.1402, Florida Statutes (2016); and (2) the trial court erred in not granting his motions for judgment of acquittal.

We affirm the denial of Appellant's motions for judgment of acquittal without discussion. The State concedes that the trial court should have provided for sentence review after 25 years as required by section 921.1402(2)(b). We accept the concession and remand for the trial court to provide for sentence review. § 775.082(3)(a)5.c. Fla. Stat. (2016) ("The court shall make a written finding as to whether a person is eligible for a sentence review hearing under s. 921.1402(2)(b) or (c).").

The trial court at sentencing considered the factors set out in section 921.1401(2) in deciding whether to sentence Appellant to life in prison. Thus, a new sentencing hearing with Appellant's presence is not required for this ministerial sentence correction. *See Jordan v. State,* 143 So. 3d 335, 339 (Fla. 2014) (finding the defendant's presence is not required where resentencing "involves only a ministerial act"); *Cook v. State,* 225 So. 3d 268, 269 (Fla. 4th DCA 2017) (affirming the sentence but remanding for the trial court to enter a written finding allowing for sentence review).

*Affirmed in part and remanded with instructions.*

CIKLIN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2