DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRAVIS JAMES**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-1071

[November 7, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael I. Rothschild, Judge; L.T. Case No. 97-12050CF 10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

In 1999, the Defendant was found guilty of first-degree premeditated murder and attempted robbery with a firearm. He was sentenced to life imprisonment for the first-degree murder conviction, and to 30 years' imprisonment for the attempted robbery conviction. He was later resentenced to 15 years' imprisonment on the attempted robbery count to run concurrently with the life term.

In 2013, the Defendant moved for post-conviction relief based on *Miller v. Alabama*, 567 U.S. 460 (2012). He was 16 years old when he committed the crime, and he argued that his 1999 life imprisonment sentence violated the Eighth Amendment. The circuit court denied the motion but, on appeal, this Court reversed and remanded. *See James v. State*, 183 So. 3d 1110 (Fla. 4th DCA 2015) (per curiam) (opinion issuing mandate); *Cotto v. State*, 141 So. 3d 615, 616 (Fla. 4th DCA 2014). On remand, the Defendant was resentenced to 55 years' imprisonment.

The Defendant raises multiple issues on appeal, and we affirm without comment with one ministerial exception.

The Defendant argues the circuit court erred by failing to include language in the resentencing order stating that pursuant to section 921.1402(2), Florida Statutes (2017), he was eligible for periodic judicial review of his sentence for capital murder after 25 years. The State "does not object to the case being remanded for the trial court to indicate in a written order that Appellant is entitled to sentence review after 25 years." *See, e.g., White v. State*, 244 So. 3d 1130, 1130 (Fla. 4th DCA 2018) ("The State concedes that the trial court should have provided for sentence review after 25 years as required by section 921.1402(2)(b).").

As we did in *White*, we affirm but remand for the entry of a written order providing that the Defendant is entitled to sentence review after 25 years. The Defendant need not be present for this ministerial sentence correction.

*Affirmed in part and remanded with instructions.*

TAYLOR and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2