DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WALTER EUGENE WALKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3322

[October 23, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 562017CF001487B.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant, a juvenile charged as an adult, appeals his sentences following his open guilty plea to armed burglary of a dwelling, first-degree grand theft, grand theft of a firearm, and grand theft of a motor vehicle. On all arguments raised, we affirm the sentences without further discussion. However, we remand for three purposes.

First, we remand for entry of a written order providing for judicial review of the defendant's sentence after twenty years pursuant to section 921.1402(2)(d), Florida Statutes (2018) ("A juvenile offender sentenced to a term of 20 years or more under s. 775.082(3)(c) is entitled to a review of his or her sentence after 20 years."). Although the circuit court orally pronounced at sentencing that the defendant was entitled to such review, the circuit court did not enter a written order to that effect. *See James v. State,* 258 So. 3d 468, 469 (Fla. 4th DCA 2018) ("[W]e affirm but remand for the entry of a written order providing that the Defendant is entitled to sentence review after 25 years.").

Second, we remand for correction of the defendant's scoresheet. The state concedes that the defendant's scoresheet mistakenly included 1.6 points for a tampering with evidence charge which was later dropped. Resentencing is not necessary, however, because the circuit court, which both imposed the sentences and denied the defendant's Florida Rule of Criminal Procedure 3.800 motion, stated in the order denying the motion that "even with a 1.6 point reduction in the scoresheet total, this judge <u>would have</u> imposed the same sentence." (emphasis in original). *See Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007) (when scoresheet errors are presented via (1) direct appeal, (2) Florida Rule of Criminal Procedure 3.800(b), or (3) Florida Rule of Criminal Procedure 3.850, then "any error is harmless if the record conclusively shows that the trial court *would have imposed* the same sentence using a correct scoresheet") (emphasis in original).

Third, we remand for entry of a written nunc pro tunc order of the defendant's competency. After the circuit court reviewed the expert's written report finding the defendant was competent to proceed, the circuit court orally announced its independent determination that the defendant was competent to proceed. However, the state concedes that the circuit court must also enter a written nunc pro tunc order of competency. *Cf. Charles v. State*, 223 So. 3d 318, 330 (Fla. 4th DCA 2017) ("[B]ecause the trial court did not enter a written order of competency, we remand the case to the trial court for entry of a nunc pro tunc order finding appellant competent to stand trial.").

The defendant need not be present for these three ministerial acts. *James*, 258 So. 3d at 469; *Naugle v. State*, 244 So. 3d 1127, 1128 (Fla. 4th DCA 2018); *Zern v. State*, 215 So. 3d 185, 186-87 (Fla. 1st DCA 2017).

*Affirmed; remanded with instructions.*

DAMOORGIAN and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**