DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KESHAWN BENJAMIN SHIVERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-835

[December 2, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 562018CF000079B.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Keshawn Benjamin Shivers appeals his sentences imposed after he pleaded no contest to five counts committed while he was a juvenile: (I) burglary of a dwelling with an assault or battery while armed or masked; (II) robbery with a deadly weapon while masked; (III) grand theft while masked; (IV) false imprisonment while masked; and (V) aggravated battery with a deadly weapon while masked. He challenges his concurrent 25-year prison sentences imposed on counts I, II, and V. We affirm in part and remand in part.

The State correctly concedes that Shivers is entitled to judicial review of the 25-year sentences imposed on counts I and II. The convictions for those counts, burglary of a dwelling with assault or battery while armed and masked and robbery with a deadly weapon while masked, are first-degree felonies punishable by "a term of years not exceeding life imprisonment." § 810.02(2)(a)–(b), Fla. Stat. (2017) (burglary); § 812.13(2)(a), Fla. Stat. (2017) (robbery).

Sections 775.082(3)(c) and 921.1402(2)(d), Florida Statutes (2017), provide that a juvenile sentenced to a term of 20 years or more for a nonhomicide first-degree felony punishable by a term of years not exceeding life is entitled to review of the sentence after 20 years. Shivers is correct that he is entitled to this review of his sentences for counts I and II. On remand, the court must correct the judgment to reflect that Shivers is entitled to review of these sentences after 20 years.

But we disagree with Shivers that he is entitled to judicial review of his sentence on count V in 20 years. Count V, aggravated battery with a deadly weapon while masked, is a first-degree felony punishable by up to thirty years in prison. *See* §§ 784.045(2), 775.0845(2)(b), 775.082(3)(b)1., Fla. Stat. (2017). Shivers acknowledges that because aggravated battery while masked is reclassified as a first-degree felony—as opposed to a first-degree felony punishable by life—he is not eligible for sentence review of this offense. *See* § 775.082(3)(c), Fla. Stat. But he argues denying him review on this sentence would violate the Eighth Amendment and Equal Protection Clause.[1]

Although it is true that Shivers's sentences result in an anomaly because he is not entitled to judicial review on the less severe first-degree felony, we reject his argument.

"Embodied in the Constitution's ban on cruel and unusual punishments is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *Graham v. Florida*, 560 U.S. 48, 59 (2010) (alteration in original) (quoting *Weems v. United States*, 217 U.S. 349, 367 (1910)). A proportionality analysis includes analyzing three objective criteria: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm*, 463 U.S. 277, 292 (1983). But the proportionality analysis does not focus on "the specific facts of a particular case." *Peters v. State*, 128 So. 3d 832, 850 (Fla. 4th DCA 2013) (quoting *Edwards v. State*, 885 So. 2d 1039, 1039 (Fla. 4th DCA 2004)). This is because the legislature generally retains the authority to "prohibit any act, determine the class of an offense, and prescribe punishment." *Id.* (quoting *Iacovone v. State*, 639 So. 2d 1108, 1109 (Fla. 2d DCA 1994)).

The legislature has already determined the class of Shivers's offenses and prescribed their punishment. His sentences on counts I and II implicate sections 775.082(3)(c) and 921.1402(2)(d) and require review of

---

[1] We affirm the Equal Protection Clause challenge without comment.

those sentences because he faced life imprisonment. But he did not face a life sentence on count V and, as a result, sections 775.082(3)(c) and 921.1402(2)(d) were not implicated. *See State v. Purdy*, 252 So. 3d 723, 727 (Fla. 2018).

Further, Shivers's sentence on count V does not, by itself, violate *Graham* or *Miller v. Alabama*, 567 U.S. 460 (2012). To violate *Graham* and *Miller*, a defendant must show a sentence "meets the threshold requirement of being a life sentence or the functional equivalent of a life sentence." *Pedroza v. State*, 291 So. 3d 541, 548 (Fla. 2020) (citing *Morris v. State*, 246 So. 3d 244, 245–46 (Fla. 2018) (Lawson, J., dissenting)). Only the "lengthy" term-of-years sentences that "approach or envelop the entirety of a defendant's 'natural life'" must allow a meaningful opportunity for early release. *Id.* at 546 (quoting *Henry v. State*, 175 So. 3d 675, 679 (Fla. 2015)).[2]

Shivers failed to show his 25-year sentence on count V violates the Eighth Amendment, *Graham,* or *Miller. Cf. Pedroza*, 291 So. 3d at 549 (holding that defendant's 40-year sentence for second-degree murder did not violate *Miller* or *Henry*).

We affirm Shivers's sentences but remand for the circuit court to correct his sentences on counts I and II. Shivers need not be present for the correction of the sentences. *See, e.g., James v. State*, 258 So. 3d 468, 469 (Fla. 4th DCA 2018).

*Affirmed and remanded.*

GROSS and MAY, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] This case is also distinguishable from *Mack v. State*, No. 2D18-3113, 2020 WL 4030671 (Fla. 2d DCA July 17, 2020), because the sentences here are concurrent. In *Mack*, the defendant's third sentence was consecutive to the other two that allowed review. *Id.* at *1.