IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSEPH DANIEL FLOWERS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-6064

_____/

Opinion filed July 22, 2014.

An appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

Jeffrey E. Lewis, General Counsel, and Melissa J. Ford, Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Region One, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Brittany Ann Rhodaback, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Joseph Daniel Flowers appeals the final judgment after a jury found him guilty of seven charges. We affirm, but remand this case to the trial court to enter a written order of competency.

Flowers correctly argues that the trial court must enter a written order finding the defendant competent. See Fla. R.Crim.P. 3.212(b). However, as noted by this court in White v. State, 548 So. 2d 765, 768 (Fla. 1st DCA 1989), where a trial court has entered an oral finding that the defendant is competent, but no written order of competency has been entered, the proper remedy is to affirm the judgment and to remand the case to the trial court for entry of a nunc pro tunc order finding the defendant competent to stand trial.

We disagree with Flowers's assertion that the court was required to conduct a second competency proceeding. Nothing was presented to the trial court which could raise a bona fide and reasonable doubt as to his competency at the time of his October 2013 trial or November 2013 sentencing hearing. See Pericola v. State, 499 So. 2d 864, 867 (Fla. 1st DCA 1986), pet. rev. denied, 509 So. 2d 1118 (Fla. 1987).

We affirm the final judgment, but remand this case to the trial court to enter a nunc pro tunc order finding Flowers competent to stand trial.

SWANSON and MAKAR, JJ., and SJOSTRUM, JONATHAN, ASSOCIATE JUDGE, CONCUR.