Wolf, J.
*778 Appellant challenges his criminal judgment and sentence, arguing the trial court failed to memorialize in writing its initial determination that he was competent to proceed and failed to conduct a hearing or make an independent determination when his competency was later questioned. The State concedes error on both points. We reverse and remand.
FACTS
In 2015, the trial court found appellant was incompetent and committed him to the Department of Children and Families to be placed in a mental health treatment facility. On March 15, 2016, the trial court found appellant was competent to proceed. However, the court failed to enter a written order memorializing this finding.
On April 15, 2016, defense counsel expressed concern about appellant's competency and asked the court to order a new evaluation. The court ordered an evaluation.
On May 24, 2016, the court accepted a nolo contendere plea from appellant. As to the competency issue, defense counsel stated, "Your Honor ordered an evaluation. It came back competent to proceed." The court responded, "Okay."
On July 26, 2016, appellant moved to withdraw his plea, alleging without elaboration that his counsel was ineffective. The court denied the motion, finding ineffective assistance of counsel was not one of the enumerated grounds for withdrawing a plea pursuant to Florida Rule of Criminal Procedure 3.170(l ).
ANALYSIS
The trial court erred with regards to both determinations of competency.
First, the trial court erred by failing to enter a written order memorializing its oral finding that appellant was competent to proceed on March 15, 2016. A written order is required. Flowers v. State , 143 So.3d 459 (Fla. 1st DCA 2014) (citing Fla. R. Crim.P. 3.212(b) ). We remand for the trial court to enter a nunc pro tunc order finding appellant was competent to proceed on that date. Id.
Second, the trial court erred by failing to conduct a hearing or make an independent determination on appellant's competency prior to accepting his plea on May 24, 2016, despite having ordered a competency evaluation on April 15, 2016. "Once a court has reasonable grounds to question a defendant's mental health, it must hold a hearing" and make an "independent assessment of competency." Sheheane v. State , 228 So.3d 1178, 1180 (Fla. 1st DCA 2017) (citing Zern v. State , 191 So.3d 962, 964 (Fla. 1st DCA 2016) ). Although appellant failed to preserve this issue, "there can be no waiver of the right to independent judicial evaluation and adjudication of competency." Id. at 1181. "If the parties and the court agree, the court may decide the issue based on the experts' reports without receiving any testimony. However, the court must regard the reports as advisory only. Further, the court is not permitted to merely accept a stipulation of competence ... even when all the experts have opined that the defendant is competent ...." Zern , 191 So.3d at 964 (internal citations omitted).
"Generally, the remedy for a trial court's failure to conduct a proper competency hearing is for the defendant to receive a new trial, if deemed competent to proceed on remand." Dougherty v. State , 149 So.3d 672, 678-79 (Fla. 2014). However, "precedent provides that a retroactive determination of competency is possible when there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent *779 evidence at a retrospective hearing.' " Francis v. State , 1D16-5244, 248 So.3d 263, 265, 2018 WL 2437112, at *1 (Fla. 1st DCA May 31, 2018) (quoting Zern 191 So.3d at 965 ).
Accordingly, we reverse and remand for a retroactive determination of competency, if possible. If the court is unable to make a retroactive competency determination or determines that appellant was not competent at the time he entered his plea, a new trial will be required, so long as appellant is competent on remand. Id.
REVERSED and REMANDED with instructions.
Roberts and Wetherell, JJ., concur.