# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1416
_____

DANA PETERSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

October 3, 2019

PER CURIAM.

The trial court committed fundamental error in finding that Appellant was competent to proceed based on defense counsel's stipulation where there is no indication that the trial court reviewed the expert's report, made an independent determination that Appellant's competency had been restored, or entered a written order to that effect. *See Davis v. State*, 44 Fla. L. Weekly D2059 (Fla. 1st DCA Aug. 13, 2019); *Robinson v. State*, 250 So. 3d 777, 778 (Fla. 1st DCA 2018); *Zern v. State*, 191 So. 3d 962, 964-65 (Fla. 1st DCA 2016). Accordingly, we reverse and remand for a retroactive determination of competency, if possible. *Davis*, 44 Fla. L. Weekly at D2059; *Robinson*, 250 So. 3d at 778-79; *Zern*, 191 So. 3d at 965. If the trial court finds that Appellant was competent at the time he entered his plea, it must enter a nunc pro tunc written

order memorializing that finding with no change in the judgment. *See Bowden v. State*, 44 Fla. L. Weekly D2261 (Fla. 1st DCA Sept. 9, 2019). However, if the trial court cannot make a retroactive determination, it must allow Appellant to withdraw his plea and adjudicate his present competency to proceed. *Id.*

REVERSED and REMANDED.

RAY, C.J., and BILBREY and JAY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.