IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RONALD PAK ZERN,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5817

Opinion filed May 12, 2016.

An appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

Nancy A. Daniels, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

RAY, J.

     Ronald Pak Zern, Appellant, appeals from his convictions for aggravated assault, aggravated battery on a person sixty-five years of age or older, improper exhibition of a firearm, and tampering with evidence. He argues that the trial court erred in failing to make an independent finding of competence or incompetence

after ordering psychological evaluations and scheduling a competency hearing. We agree and reverse for this reason. We find no distinct reversible error with regard to Appellant's second issue concerning the trial court's failure to order an additional psychological evaluation upon the request of Appellant's counsel at a subsequent court appearance.

While the charges were pending, a psychologist evaluated Appellant at the request of his attorney. This psychologist issued a written report recommending that the court consider Appellant incompetent to proceed. On the State's motion, the court appointed a second psychologist to evaluate Appellant. When the matter was discussed at a conference, Appellant personally advised the court that he was competent and did not want a second evaluation, but his attorney did not join in this representation to the court. The court ordered the second evaluation, and the second psychologist opined that Appellant was competent to proceed.

Appellant appeared in court for a competency hearing after both expert reports were filed. At this hearing, Appellant was unruly and continued to insist on his competence, while arguing that his attorney was lying, setting him up, and trying to incriminate him. The State advised the court that it could hold a competency hearing without further ado but that the more typical approach when two psychologists have reached conflicting conclusions is to appoint a third psychologist to "kind of break the tie." The court appointed a third evaluator.

2

Appellant's counsel advised that she would "absolutely" ask for a competency hearing after the third evaluation, and the court explained to Appellant that it would determine his competence at a hearing where the experts would be available for cross-examination.

The third psychologist opined that Appellant was competent to proceed. The parties appeared in court for the competency hearing the day after the State filed the third psychologist's report. At that time, the court indicated that it had not yet seen the third report. The court was advised at the hearing that the third evaluator found Appellant competent. Appellant was represented by his fourth successive assistant public defender in the case, a different attorney from the one who had appeared at the prior hearing on Appellant's competency. Appellant's new counsel notified the court that he had spoken with Appellant and believed him to be competent, and he asked the court "to declare [Appellant] competent based on the reports." The State responded, "In light of [defense counsel's] stipulation, Judge, we maintained all along that he's competent, and the defendant himself has assured the Court that he's competent throughout this cycle. So we would ask that we be able to move forward with the case at this time." The court declared Appellant competent, and the brief hearing concluded without any comment from Appellant or testimony from the experts, even though they were present and prepared for a hearing.

A criminal defendant has a procedural due process right to the observance of procedures adequate to protect his or her right not to be tried or convicted while incompetent to stand trial. Dougherty v. State, 149 So. 3d 672, 676 (Fla. 2014) (quoting Drope v. Missouri, 420 U.S. 162, 172 (1975)). Florida Rules of Criminal Procedure 3.210 through 3.212 provide the competency procedures required in this state.

According to Rule 3.210(b) and case law, once the court has reasonable grounds to question the defendant's competency, the court has no choice but to conduct a hearing to resolve the question. Brooks v. State, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015). At the competency hearing, the court must make its own independent finding of competence or incompetence. Dougherty, 149 So. 3d at 677. If the parties and the court agree, the court may decide the issue based on the experts' reports without receiving any testimony. Id. at 677-78 (citing Fowler v. State, 255 So. 2d 513, 515 (Fla. 1971)). However, the court must regard the reports as advisory only. Id. (citing McCray v. State, 71 So. 3d 848, 862 (Fla. 2011)). Further, the court is not permitted to merely accept a stipulation of competence. Id. at 678. In fact, acceptance of a stipulation is improper even when all the experts have opined that the defendant is competent, as other evidence may indicate incompetence. Id.

The record in this case establishes that the trial court relied on the stipulation of defense counsel and the preponderance of the experts' ultimate opinions to make its competency determination, without having read all the evaluations. It does not show an independent finding. Because an independent competency finding is a due-process right that cannot be waived once a reason for a competency hearing has surfaced, the trial court fundamentally erred in failing to make such a finding.[1]

Generally, the remedy for a trial court's failure to conduct a proper competency hearing is a new trial, as long as the defendant is determined on remand to be competent to stand trial. Dougherty, 149 So. 3d at 678-79. However, precedent provides that "a retroactive determination of competency is possible" when "there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing." Id. (citing Fowler, 55 So. 2d at 515, and Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)). Accordingly, we reverse and remand for a retroactive determination of competency. If the court finds that Appellant was competent at the time of trial, it must enter a *nunc pro tunc* written order memorializing this finding with no change in the judgment. See Dougherty, 149 So. 3d at 678 (noting the requirement of a written order); Moorer v. State,

---

[1] Although our precedent in Thomas v. State, 894 So. 2d 1000 (Fla. 1st DCA 2005), would dictate a different holding, it has been superseded by Dougherty.

2016 WL 852307, No. 1D14-5040 (Fla. 1st DCA March 4, 2016). If the trial court finds that Appellant was incompetent or that a retrospective determination is not possible in this case, it must hold a new trial, as long as Appellant is and remains competent on remand.

REVERSED and REMANDED with instructions.

WETHERELL and KELSEY, JJ., CONCUR.