PER CURIAM. The trial court properly handled Appellant’s competency issues throughout this proceeding, and we find that the hearing addressing competency on September 23, 2014, at which the trial court orally adjudicated Appellant competent, satisfied the requirements of due process. However, we find well-taken the State’s confession of error in the lack of a written order of competency following that hearing. Accordingly, we affirm Appellant’s judgment and sentence, but remand solely for entry of an order of competency nunc pro tunc to the date of that hearing. See Zern v. State, 191 So.3d 962, 965 (Fla. 1st DCA 2016) (requiring court to enter a nunc pro tunc order of competency if appellant was competent at the time of hearing, whereupon the judgment and sentence need not change). AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. RAY and KELSEY, JJ., and DOUGLAS, WESLEY R., ASSOCIATE JUDGE, CONCUR.