IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SCOTT MICHAEL SHEHEANE,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4366

Opinion filed October 16, 2017.

An appeal from an order of the Circuit Court for Gilchrist County.
David P. Kreider, Judge.

Andy Thomas, Public Defender, Steven Seliger, Assistant Public Defender, and
Justin Karpf, Certified Legal Intern, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Jason Rodriguez, Assistant Attorney General,
and Jennifer Moore, Assistant Attorney General, Tallahassee, for Appellee.


KELSEY, J.

In his direct appeal after pleading to three violations of probation, Appellant

argues the trial court erred in failing to make an independent determination of his

competency after finding reasonable grounds to believe he was not competent.

Although the record reflects that Appellant expressly waived a hearing and

adjudication on competency, we reverse and remand for further proceedings on competency because the due process right to the court's independent determination of competency cannot be waived.

**Facts.**

The facts are simple and undisputed. During the violation of probation proceedings, defense counsel raised the issue of Appellant's competency, and requested a competency evaluation. The court found "reasonable grounds to believe [Appellant] may be incompetent to proceed," and ordered professional evaluation. Although the court set a hearing date on competency, that hearing never occurred, and that omission is not explained in the record.

At a subsequent hearing set for another purpose, Appellant decided to enter an open plea to probation violations. The plea colloquy included specific questions and answers about the competency issue, including discussion of professional evaluations that found Appellant legally competent, although mentally ill with bipolar disorder and depression.[1] Defense counsel stated on the record his belief that Appellant was competent, and reviewed briefly the results of the evaluations.

---

[1] A defendant can be mentally ill but still legally competent. *See Thompson v. State*, 88 So. 3d 312, 319 (Fla. 4th DCA 2012) (quoting cases holding that mental illness or deficiency, low intelligence, and "bizarre, volatile, and irrational behavior" alone do not establish legal incompetence to stand trial; rather, "the evidence must indicate a present inability to assist counsel or understand the charges") (citations omitted).

However, there is no indication that the trial judge had the competency evaluations; and the evaluators were not present.

Appellant agreed to waive a hearing and judicial determination of competency. The written plea agreement reflected Appellant's agreement that he believed he was competent. The trial judge made no findings of Appellant's competency and did not adjudicate Appellant competent. The court sentenced Appellant to twenty years' imprisonment.

**Standard of Review.**

Two competency issues are within the trial court's discretion: the threshold determination of whether reasonable grounds exist to question a defendant's competency, and the ultimate determination of whether a defendant is competent. *See Peede v. State*, 955 So. 2d 480, 488-89 (Fla. 2007); *Trueblood v. State*, 193 So. 3d 1060, 1061 (Fla. 1st DCA 2016). In contrast, our standard of review is de novo for the legal questions of waiver and due process in competency proceedings. *Presley v. State*, 199 So. 3d 1014, 1017 (Fla. 4th DCA 2016). We find no abuse of discretion in the trial court's threshold determination that reasonable grounds existed to question Appellant's competency.[2] We find legal error in the trial court's

---

[2] Defense counsel filed a written motion for competency evaluation, in compliance with Florida Rule of Criminal Procedure 3.210. While the rule does not expressly require a written motion, and such motions are often made orally, we observe that the better practice is to file a compliant written motion to raise the process to the appropriate level of attention and to create a complete record.

failure to conduct a hearing, independently adjudicate the issue of Appellant's competency, and enter a written order on competency.

**Procedures Cannot Be Waived.**

As we have recognized before, the procedures required to evaluate and determine legal competence arise from due process rights. "A criminal defendant has a procedural due process right to the observance of procedures adequate to protect his or her right not to be tried or convicted while incompetent to stand trial." *Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016) (citing *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014)). These procedures are embodied in Florida Rule of Criminal Procedure 3.210(b), which provides as follows:

> If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing.

Procedurally, once a court has reasonable grounds to question a defendant's mental health, it *must* hold a hearing. *Zern*, 191 So. 3d at 964; *Trueblood*, 193 So. 3d at 1062; *see also Charles v. State*, 223 So. 3d 318, 329 (Fla. 4th DCA 2017) ("A defendant cannot, either expressly or implicitly, waive the right to a competency hearing.") (citing *Deferrell v. State*, 199 So. 3d 1056, 1061 (Fla. 4th DCA 2016)); *A.L.Y. v. State*, 212 So. 3d 399, 403 (Fla. 4th DCA 2017) ("In other

4

words, although the parties and the court may agree that the court may decide the issue of competency on the basis of the written reports alone, the juvenile can neither implicitly concede nor explicitly stipulate to the ultimate issue of his own competency.").

**Adjudication Cannot Be Waived.**

We have been clear: "an independent competency finding is a due-process right that cannot be waived once a reason for a competency hearing has surfaced." *Zern*, 191 So. 3d at 965. Even if evaluators unanimously deem a defendant competent, other evidence may indicate incompetence, including the court's own observations. *See id.* at 964 (citing *Dougherty*, 149 So. 3d at 678). It is this right to the trial court's independent assessment of competency that lies at the heart of the due process requirement. The *court* must make an independent finding of competence or incompetence—stipulations of competence are not permitted. *Zern*, 191 So. 3d at 964 (citing *Dougherty*, 149 So. 3d at 677);[3] *see also Baker v. State*, 221 So. 3d 637, 639-41 (Fla. 4th DCA 2017); *Deferrell*, 199 So. 3d at 1061; *Williams v. State*, 169 So. 3d 221, 222-23 (Fla. 2d DCA 2015).

We agree with the State that Appellant would appear to have waived the issues he now raises on appeal. There could hardly be a clearer case of waiver than

---

[3] The State misplaces its reliance on our earlier decision in *Thomas v. State*, 894 So. 2d 1000 (Fla. 1st DCA 2005). In *Zern*, we expressly found that *Dougherty* superseded *Thomas*. *Zern*, 191 So. 3d at 965 n.1.

this—oral and written, with advice of counsel and cautionary explanations by the trial judge—all memorialized in the court record and available for this Court's review. However, waiver in the incompetency context is far different from waiver of other rights. Once reasonable grounds exist to question a defendant's competency, there can be no waiver of the right to independent judicial evaluation and adjudication of competency. "[I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *Reynolds v. State*, 177 So. 3d 296, 299 (Fla. 1st DCA 2015) (quoting *Pate v. Robinson*, 383 U.S. 375, 384 (1966)).

The nature of competency goes to the heart of whether a defendant has the capacity to make a cogent, legally binding decision. To find, as the trial court did here, there were reasonable grounds to believe Appellant may be incompetent, and then allow that same potentially incompetent individual to waive his right to determine competency, does not comport with due process. This is a denial of due process, resulting in a fundamental error that requires our intervention despite Appellant's failure to preserve it below. *See Dougherty*, 149 So. 3d at 676 ("'[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.'") (quoting *Drope v. Missouri*, 402 U.S. 162, 172 (1975)); *Rumph v.*

6

*State*, 217 So. 3d 1092, 1095 (Fla. 5th DCA 2017); *Jackson v. State*, 880 So. 2d 1241, 1243 (Fla. 1st DCA 2004). We are constrained to reverse.

**Remedy.**

On remand, the court shall hold a hearing on Appellant's competency, at which Appellant must be present. The court shall adjudicate Appellant's competency and enter a written order on competency. The court may make "a retroactive determination of competency" if "there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing." *See Zern*, 191 So. 3d at 965. The parties may agree to the use of the previous evaluators' written reports, which shall be filed with the court and placed in the record. *See Dougherty*, 149 So. 3d at 679 (allowing use of written reports in lieu of live testimony if the parties agree to do so, provided trial court makes an independent determination and enters a written order).

If the court finds Appellant was competent at the time of the plea hearing, it must enter a nunc pro tunc order, and the judgment and sentence need not change. *See Zern*, 191 So. 3d at 965. If, however, the court cannot make a retroactive determination or it finds Appellant was incompetent at the time of the hearing, the court must hold a new hearing on the violations of probation, so long as Appellant is presently competent. *See id.*

7

REVERSED and REMANDED with instructions.

WINOKUR and WINSOR, JJ., CONCUR.