# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5244

_____

CHARLES FRANCIS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Jack Schemer, Judge.

May 31, 2018

PER CURIAM.

Appellant challenges his criminal judgment and sentence, arguing that the trial court erred by not holding a hearing before finding him competent to stand trial. The state responds that Appellant waived his right to a competency hearing because the order finding him competent says that he did.

There are two problems with the state's argument.

First, there is no record support for the trial court's finding of waiver. Although Appellant did not object when the trial court read into the record the report of the court-appointed doctor who evaluated him and found him competent, there is no indication that Appellant affirmatively waived his right to a hearing and the court never gave him an opportunity to present evidence or to be heard on the issue. *Cf. Charles v. State*, 223 So. 3d 318, 329-

30 (Fla. 4th DCA 2017) (rejecting defendant's argument that trial court's competency determination did not comport with the rules of criminal procedure because the court provided the defendant a "clear opportunity" to present additional testimony and evidence after the court received and reviewed the court-appointed doctor's report finding the defendant competent).

Second, even if the finding of waiver was supported by the record, the waiver would have been ineffective because Appellant was representing himself below and "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *Reynolds v. State*, 177 So. 3d 296, 299 (Fla. 1st DCA 2015) (quoting *Pate v. Robinson*, 383 U.S. 375, 384 (1966)); *see also Sheheane v. State*, 228 So. 3d 1178, 1181 (Fla. 1st DCA 2017) ("The nature of competency goes to the heart of whether a defendant has the capacity to make a cogent, legally binding decision. To find, as the trial court did here, there were reasonable grounds to believe Appellant may be incompetent, and then allow that same potentially incompetent individual to waive his right to determine competency, does not comport with due process.").

Although the trial court erred, we reject Appellant's argument that this error necessarily requires a new trial in this case. "[P]recedent provides that 'a retroactive determination of competency is possible' when 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing,'" *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016) (quoting *Dougherty v. State*, 149 So. 3d 672, 678-79 (Fla. 2014)), and we cannot say from our review of the record that a retroactive competency determination would be impossible in this case. Accordingly, as we have done in other cases presenting this error, we reverse and remand for a retroactive determination of competency. *See, e.g., Sheheane*, 228 So. 3d at 1181. If the trial court is unable to make a retroactive competency determination or if the court determines that Appellant was not competent at the time of trial, a new trial will be required so long as Appellant is and remains competent on remand. *Id.*

2

REVERSED and REMANDED with instructions.

WETHERELL, RAY, and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Kasey Lacey, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Steven Edward Woods, Assistant Attorney General, Tallahassee, for Appellee.