IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANTWAN T. MANN,

            Appellant,

v.                                                          Case No.  5D18-245

STATE OF FLORIDA,

            Appellee.

_____/

Opinion filed August 31, 2018

Appeal from the Circuit Court
for Volusia County,
Kathryn D. Weston, Judge.

James S. Purdy, Public Defender, and
Edward J. Weiss, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

PER CURIAM.

        Antwan T. Mann appeals his judgment and sentence for felony battery.  Mann

contends that the trial court erred in continuing the case to trial without holding a hearing

or entering an order to determine his competency after his public defender filed a

suggestion of mental incompetency to stand trial. The State concedes error. We agree and remand for the trial court to conduct a retroactive competency evaluation.

It is reversible error for a trial court to continue with criminal proceedings without making a competency determination where it has reasonable grounds to believe that a defendant is incompetent to proceed. See Carrion v. State, 859 So. 2d 563, 565 (Fla. 5th DCA 2003) ("[T]he trial judge had been presented with reasonable grounds to question the mental competency of Mr. Carrion at a pretrial stage. Once having come to this conclusion, he was required by the rule to follow the prescribed procedure and to hold a competency hearing."). The Fourth District Court has explained the appropriate procedure after a case has been remanded for a trial court to make a retroactive determination of competency:

> Thus, on remand, if the court can make a nunc pro tunc finding as to appellant's competency based upon the existence of evaluations performed contemporaneous with trial and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order.

Baker v. State, 221 So. 3d 637, 641 (Fla. 4th DCA 2017); accord Holland v. State, 185 So. 3d 636, 637 (Fla. 2d DCA 2016) ("Accordingly, we remand the case to the trial court for entry of a nunc pro tunc order finding Holland competent to stand trial."). In making this determination, "[t]he parties may agree to the use of the previous evaluators' written reports, which shall be filed with the court and placed in the record." Sheheane v. State, 228 So. 3d 1178, 1181 (Fla. 1st DCA 2017). If the trial court determines that Mann was competent at the time of trial, it must enter a nunc pro tunc written order without altering his judgment. See Zern v. State, 191 So. 3d 962, 965 (Fla. 1st DCA 2016). "If the trial court finds that [the defendant] was incompetent or that a retrospective determination is

2

not possible in this case, it must hold a new trial, as long as [the defendant] is and remains competent on remand." Id.

We therefore remand this case for the trial court to make a retroactive competency determination consistent with this opinion.

REMANDED.

SAWAYA, WALLIS and LAMBERT, JJ., concur.