# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3361

_____

PAMELA DENISE BOREN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

December 27, 2018


RAY, J.

In this single-issue appeal, Pamela Boren contends the trial court fundamentally erred by failing to hold a competency hearing or enter a written order of competency despite having reasonable grounds to believe she was incompetent to stand trial. The State properly concedes error.

Prior to trial, defense counsel moved for a competency evaluation under Florida Rule of Criminal Procedure 3.210(b). As grounds for counsel's belief that Boren was not mentally competent to proceed, counsel alleged that Boren did not seem to "understand the roles of defense counsel, prosecutor, jury, and judge," had trouble communicating with counsel, and appeared unlikely to conduct herself appropriately at trial. Counsel also alleged that

Boren reported she had been diagnosed as bipolar and was experiencing hallucinations. The trial court granted the motion and appointed an expert to examine Boren. The record is silent on what happened next regarding Boren's competency. The case proceeded to trial, and the jury found Boren guilty of the charged offenses.

Once a court "has reasonable grounds to question the defendant's competency, the court has no choice but to conduct a hearing to resolve the question." *Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016); *see also* Fla. R. Crim. P. 3.210(b) (requiring trial court to set a competency hearing within twenty days if defense counsel, the state, or the trial court has reasonable grounds to believe that a defendant is not mentally competent to proceed). The trial court is duty-bound at that point to make an independent determination of the defendant's competency and to enter a written order if the defendant is found competent to proceed. *Dougherty v. State*, 149 So. 3d 672, 677–78 (Fla. 2014); *see also* Fla. R. Crim. P. 3.212(b). These requirements are designed "to safeguard a defendant's due process right to a fair trial and to provide the reviewing court with an adequate record on appeal." *Dougherty*, 149 So. 3d at 676.

Here, nothing in the record shows that a hearing was held or that the trial court ruled on Boren's competency. We therefore remand for a retroactive determination, if possible. *Zern*, 191 So. 3d at 965. If the court finds that Boren was competent at the time of trial, it should enter a *nunc pro tunc* order memorializing this finding with no change in the judgment or sentence. If a retroactive determination is not possible, or if the court finds that Boren was not competent, the court must hold a new trial provided that Boren is competent to proceed at that point in time.

REVERSED and REMANDED with instructions.

ROBERTS and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Jasmine Russell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Steven E. Woods, Assistant Attorney General, Tallahassee, for Appellee.