# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-900

_____

JAKOBIE MILTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

April 22, 2019

PER CURIAM.

Jakobie Milton appeals his judgment and sentence after entering a nolo contendere plea to charges of possession of a firearm by a felon and resisting an officer without violence. Milton's attorney requested appointment of an expert, pursuant to Florida Rule of Criminal Procedure 3.210(b), to determine Milton's competency to proceed to trial. Finding reasonable grounds in support of the motion, the trial court appointed an expert. Milton underwent a psychological evaluation, which concluded he was competent, albeit marginally, to proceed. Defense counsel orally advised the trial court of the evaluation findings.

Milton accepted the State's plea offer and pleaded no contest to the charges. At the hearing, the trial court noted the evaluation ultimately found Milton competent to proceed. But, the trial court accepted Milton's plea and imposed sentence without entering an order determining that Milton was competent to proceed. The trial court's failure to enter a written order requires reversal. *Sheheane v. State*, 228 So. 3d 1178, 1180 (Fla. 1st DCA 2017).

On remand, the trial court must address competency. *Id.* at 1181. If the evidence that existed previously supports a finding that the defendant was competent at the time of trial, the trial court may decide competence, *nunc pro tunc*, with no change in the judgment. *Id.*; *see also Brooks v. State*, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015). However, if the trial court is unable to make a retroactive competency determination or if it finds Milton was incompetent, it must hold a new trial, as long as Milton is and remains competent on remand. *Sheheane*, 228 So. 3d at 1181; *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016).

REVERSED and REMANDED.

B.L. THOMAS, C.J., and ROWE and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jakobie Milton, pro se; Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.