PER CURIAM.
Antwan T. Mann seeks a belated appeal of an order retroactively finding him competent to proceed to trial.[1] Mann was originally charged with aggravated battery and felony battery. During the course of representation, Mann's lawyer filed a suggestion of mental incompetence to stand trial. The trial court ordered an examination to determine whether Mann was competent to proceed to trial. The evaluation concluded that while Mann had various mental health issues, he was competent to proceed. At trial, Mann was convicted of two counts of felony battery. The trial court later dismissed one count based on double jeopardy and sentenced Mann as a prison release reoffender on the remaining felony battery count.
On direct appeal, Mann argued that the trial court failed to conduct a hearing and enter an order determining his competency. The State conceded error. This Court remanded for the trial court to make a retroactive competency determination, if possible. See Mann v. State, 254 So.3d 1131 (Fla. 5th DCA 2018). On remand, the trial court conducted the requisite hearing and entered a nunc pro tunc order finding that Mann was competent to proceed at the time of trial.[2] Mann did not timely appeal that order, and he now seeks a belated appeal.
*642 As observed in Pamphile v. State, 260 So.3d 1185, 1185-86 (Fla. 1st DCA 2018), Florida Rule of Appellate Procedure 9.140(b) does not authorize this Court to independently review an order on competency. However, Mann and those in a similar position may challenge a finding of competency through a timely petition for writ of certiorari. See State v. Pettis, 520 So.2d 250, 253 (Fla. 1988) (noting cases in which "the district courts of appeal have granted common law certiorari to quash nonappealable interlocutory orders in criminal cases which departed from the essential requirements of law" (citations omitted) ). However, there is no belated certiorari review. See Owings v. State, 181 So.3d 588, 588 (Fla. 1st DCA 2016).[3]
PETITION DENIED.
COHEN, BERGER and EDWARDS, JJ., concur.

While Mann's petition is arguably deficient, we elect to address its merits because this is a recurring issue. E.g., Pleasures II Adult Video, Inc. v. City of Sarasota, 833 So.2d 185, 186 (Fla. 2d DCA 2002) (addressing issue that would likely reoccur).

Counsel represented Mann at that proceeding.

Mann's allegations, even if timely, were inadequate to warrant certiorari review. See Fla. R. App. P. 9.141(c)(4)(F)(i) (requiring specific allegations "that constitute the basis for entitlement").