# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5399
_____

JAMAR GLENN WILLIAMS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, Judge.

October 11, 2019


RAY, C.J.

In this *Anders** appeal, our independent review of the record revealed that reasonable grounds existed to question Appellant's competency to stand trial, but the record does not reflect that the trial court made an independent determination of Appellant's competency to proceed. After considering court-ordered briefing on the issue, we reverse and remand for further proceedings.

In December 2016, the State charged Appellant with a felony drug crime. Later that month, defense counsel filed a "Suggestion of Incompetency and Certificate of Good Faith" under Florida Rule of Criminal Procedure 3.210(b)(1), alleging that Appellant's

---

* *Anders v. California*, 386 U.S. 738 (1967).

appointed counsel in a separate case questioned Appellant's competency to stand trial. Defense counsel adopted the motion for expert evaluation filed in the other case. Several months later, at a May 2017 pretrial hearing, the court noted that the competency issue had not been resolved. After looking into the matter, defense counsel reported to the court that an expert had been appointed to evaluate Appellant and that Appellant was found competent to proceed. The case went to trial and the jury found Appellant guilty as charged. The court reduced the conviction to the lesser-included offense and sentenced Appellant accordingly. This timely appeal followed.

Once a court has reasonable grounds to question a defendant's competency, it must hold a competency hearing and make an independent determination on whether the defendant is competent to proceed. *Sheheane v. State*, 228 So. 3d 1178, 1180 (Fla. 1st DCA 2017). "Because an independent competency finding is a due-process right that cannot be waived once a reason for a competency hearing has surfaced, the trial court fundamentally err[s] in failing to make such a finding." *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016); *see also Blaxton v. State*, 188 So. 3d 48, 48–49 (Fla. 1st DCA 2016) (reversing for further proceedings where, although it was undisputed that a competency evaluation occurred, the report had not been filed in the trial court and the record did not reflect that "the requirements of judicial review and adjudication of competency were met below").

Although defense counsel below represented to the court that Appellant had been declared competent to proceed based on an expert's evaluation, the record does not contain the expert's report and there is no indication that the court made the required competency determination. As properly conceded by the State, this Court must therefore reverse and remand for a retroactive determination of Appellant's competency, if possible. *Zern*, 191 So. 3d at 965. If the court finds that Appellant was competent at the time of trial, it must enter a *nunc pro tunc* written order memorializing this finding with no change to Appellant's judgment or sentence. *Id.* If a retroactive determination of competency cannot be made, or if the court determines Appellant was not competent at the time of trial, Appellant will be entitled to a new trial if and when he is competent to proceed. *Id.*

REVERSED and REMANDED with directions.

B.L. THOMAS and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.