# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-961

_____

JENNIFER ELLIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

September 15, 2021

PER CURIAM.

The appellant raises two issues on appeal. We affirm the first issue without comment. In the second issue, she argues the trial court failed to make an independent competency determination when the issue of her competency was raised before sentencing. We agree. We reverse and remand for a retroactive determination of competency, if possible. *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016). If the trial court finds that the appellant was competent at the time of sentencing, it must enter a *nunc pro tunc* order memorializing that finding with no change in the sentence. *Id.* If a retroactive determination is not possible, or if the trial court finds that the appellant was incompetent, the appellant will be entitled to a new sentencing hearing if and when competent to proceed. *Id.*

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS and BILBREY, JJ., concur; ROWE, C.J., concurs in part and dissents in part with opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

ROWE, C.J., concurring in part, dissenting in part.

I concur with the majority's affirmance of the first issue raised by Jennifer Ellis on appeal. But I dissent from the majority's conclusion that the trial court fundamentally erred by not making an independent determination of Ellis' competency before sentencing.

Ellis was charged with two counts as an accessory after the fact to first-degree murder. The State alleged that on the night of the murders, Ellis, Joseph Shannon Oakes (Ellis' former brother-in-law and then boyfriend), and the two victims (J.C. and L.L.) were in a tent at a homeless encampment near the trail head to the St. Mark's trail. At some point, Oakes' former wife, K.E. (Ellis' sister), tried to call Oakes. L.L. boasted that she was better looking than K.E. Ellis told L.L. to shut up and not talk about her sister, K.E. That exchange triggered a vicious and unexpected response from Oakes. Oakes picked up a hammer and bludgeoned J.C. and L.L. to death. Oakes then severed their throats with a knife and chopped off one of J.C.'s feet with a machete.

Ellis witnessed the murders. Right after Oakes killed the victims, he passed out. Ellis tried to clean up the blood-soaked tent where the killing occurred. Then, the next morning, at Oakes' direction, Ellis helped Oakes drag the bodies over to a trash pile about fifty feet from the campsite. There were attempts to dismember the victims' bodies by severing their hands and feet with a machete. There was also an effort made to decapitate the

2

bodies. Ellis and Oakes then put the bodies in a pile of rubble, threw old tires on top of them, and covered the area with garbage and debris to conceal the bodies from sight.

Oakes pleaded guilty to two counts of first-degree murder and received two life sentences. Ellis decided to proceed to trial on the accessory after the fact charges. Following a three-day jury trial during which Oakes testified, the jury returned verdicts finding Ellis guilty as charged.

At trial, no question was raised as to whether Ellis was competent to proceed. But after the jury returned the guilty verdicts, Ellis retained new counsel to represent her at sentencing and on appeal. Before sentencing, Ellis' new counsel moved under Florida Rule of Criminal Procedure 3.210(b) for the appointment of an expert to evaluate Ellis' competency to proceed.

The trial court granted the motion and appointed Dr. D'Errico to examine Ellis. Dr. D'Errico found that Ellis was competent to proceed. The parties proceeded to sentencing, where counsel for Ellis and the State reported to the trial court the expert's determination of Ellis' competency. Both agreed with Dr. D'Errico's conclusion that Ellis was competent to proceed. The transcript of the hearing then reflects a discussion on whether the expert's report was in the court's file, followed by the trial court's determination that Ellis was competent to proceed:

> THE COURT: Okay. So that was Dr. D'Errico that examined her?
>
> MS. NORRIS: Yes, Your Honor. And I have a copy of that evaluation if the court wants to put it in the - -
>
> THE COURT: It may be in here but it's probably sealed. But let me make sure because sometimes they put them in this. Nope, I don't have it so if you've got one, we'll put it in the file.
>
> MS. NORRIS: Yes, Your Honor, I do. If I could approach?

3

THE COURT: Okay. Based on that then, the stipulation, I'll find that the defendant is competent to proceed. Okay. Anything else the State wants to say?

The record does not show that the trial court read the report after receiving it. The record does not show a break in the proceedings. Nor does the record reflect how much time passed between the trial court's receipt of the report and its pronouncement that Ellis was competent. And the trial court did not enter a written order memorializing its findings. Ellis contends that because the record does not show that the trial court read or considered the expert report, it did not make the independent determination of competency required under rule 3.210(b) and *Dougherty v. State*, 149 So. 3d 672 (Fla. 2014). I disagree.

Rule 3.210(b) provides:

> If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing . . . .

Once a trial court has reasonable grounds to believe that a defendant is not competent to proceed, it must: (1) hold a hearing, (2) consider expert testimony or reports, and (3) enter a written order. *Dougherty*, 149 So. 3d at 677–78. But a trial court cannot base its competency determination solely on the parties' stipulation. *See id.* at 678 ("Accepting a stipulation improperly absolves the trial court from making an independent determination regarding a defendant's competency to stand trial."); *Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016). Rather, the trial court "must make an independent finding of competence or incompetence—stipulations of competence are not permitted." *Sheheane v. State*, 228 So. 3d 1178, 1180 (Fla. 1st DCA 2017). The question presented here is: when the trial court has

4

held a hearing and received an expert report finding the defendant competent, what, if anything, must the record show regarding the trial court's review of the report to demonstrate that the trial court made an independent determination of competency?

On the one hand, this Court has held that a trial court does not discharge its duty to make an independent determination of competency when the record shows that the trial court did **not** read the expert report. *Zern*, 191 So. 3d at 965. In *Zern*, the trial court appointed experts to evaluate the defendant. *Id.* After the first two experts disagreed, the trial court appointed a third expert to "kind of break the tie." *Id.* at 964. But at the hearing to determine Zern's competency, the trial court "indicated that it had not yet seen the third report." *Id.* Even so, the court determined that Zern was competent and did so "without any comment from [defendant] or testimony from the experts, even though they were present and prepared for a hearing." *Id.* Under those facts, we concluded that the trial court failed to make an independent finding of competency because it relied on the stipulation of counsel "without having read all the evaluations." *Id.* at 965.

On the other hand, this Court has declined to presume that the trial court failed to discharge its duty to make an independent competency determination when the trial court receives an expert report stating that the defendant is competent to proceed, but the record is unclear as to whether the court read the report. *See McCray v. State*, 265 So. 3d 659, 662 (Fla. 1st DCA 2019). In *McCray*, the trial court appointed experts to evaluate McCray and then held a competency hearing. *Id.* at 661. Counsel for McCray and the State stipulated that the expert had evaluated McCray and found him competent to proceed. *Id.* McCray's counsel then "presented the report to the court and asked for a ruling." *Id.* The court announced it found McCray competent "based on the report and the State's stipulation." *Id.* at 662. The dissent in *McCray* argued that reversal was required because the record did not reflect that the trial court did anything besides accept the parties' stipulation: "[t]he record states counsel handed the court the evaluation 'a moment' before the court found appellant competent to proceed." *Id.* at 663 (Wolf, J., concurring in part and dissenting in part). The majority rejected the contention that the trial court "may not have *truly* read the report." *Id.* at 662. Instead, the

majority held that "we have no basis to suppose that the court did anything but what it said it did: base its finding on the report." *Id.*

This case is distinguishable from *Zern* and more analogous to *McCray*. Here, after counsel provided him with the expert's report, the trial court found Ellis competent "based on that then, the stipulation." It is not clear whether the "that then" the trial court referred to was the stipulation or the report. Even so, the record reflects that the trial court did in fact receive the expert's report before finding Ellis competent to proceed. Though the record does not affirmatively show that the court reviewed the report, or if it did, how long it took to review the report, Ellis has not shown that the trial court made its competency determination without considering the report. *See McCray*, 265 So. 3d at 662 ("We cannot determine from the transcript precisely how long the court had the report, but we will not assume the court took too little time to digest the relatively short and straightforward report."); *cf. Rosier v. State*, 276 So. 3d 403, 417 (Fla. 1st DCA 2019) (on motion for rehearing, rehearing en banc, and clarification) (M.K. Thomas, J., concurring) (explaining that there is no thoroughness requirement applicable to a trial court's independent determination of competency). Rather, the record shows that the trial court appointed an expert to evaluate Ellis, held a hearing at which both counsel attested to the expert's finding that Ellis was competent to proceed, received a copy of an expert report stating the same, and then pronounced that Ellis was competent to proceed. Nothing more is required for a trial court to make an independent determination of competency. *But see Bruni v. State*, 293 So. 3d 1054, 1055 (Fla. 4th DCA 2020) (reversing a competency determination when nothing in the record showed that the trial court read the expert's report); *Losada v. State*, 260 So. 3d 1156, 1162 (Fla. 3d DCA 2018) ("Florida appellate courts consistently reverse competency findings when it is not clear from the record whether the trial court read the expert reports before accepting a stipulation of a defendant's competency based on those reports."); *Yancy v. State*, 280 So. 3d 1112, 1113 (Fla. 5th DCA 2019) (remanding for a nunc pro tunc competency determination because it was unclear from the record whether the trial court read the expert's evaluation and made an independent determination).

Even so, Ellis argues that reversal is still required because the trial court fundamentally erred by failing to enter a written order on its competency determination. Her argument lacks merit. A trial court's failure to enter a written competency order does not constitute fundamental error when the court orally makes a competency finding that is supported by the record. *See Santiago-Gonzalez v. State*, 301 So. 3d 157, 175 (Fla. 2020) (explaining that fundamental error occurs only when due process is violated and prejudice ensues); *see also Pearce v. State*, 308 So. 3d 1140, 1142 (Fla. 1st DCA 2020). Here, the record fully supports the trial court's oral competency finding. For these reasons, I would affirm Ellis' judgment and sentence in all respects.

_____

Charles E. Hobbs, Tallahassee; Candice Kaye Brower, Criminal Conflict & Civil Regional Counsel, and Michael J. Titus, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Rae Herrera, Assistant Attorney General, Tallahassee, for Appellee.