IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES ANTHONY JONES,

        Appellant,

 v.

                                  Case No.  5D22-757
                                  LT Case No. 2019-CF-014520-A-O

STATE OF FLORIDA,

        Appellee.
_____/

Opinion filed December 30, 2022

Appeal from the Circuit Court
for Orange County,
Elaine A. Barbour, Judge.

Matthew J. Metz, Public Defender,
and Joshua Mosley, Assistant Public
Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Deborah A.
Chance, Assistant Attorney General,
Daytona Beach, for Appellee.


WOZNIAK, J.

James Jones appeals the judgment and sentence rendered following a jury verdict finding him guilty of lewd or lascivious molestation of a person twelve years of age or older but less than sixteen years of age. He argues, and the State implicitly concedes, that the trial court erred by failing to render a written order finding him competent before proceeding to trial.[1] *See Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016) ("Because an independent competency finding is a due-process right that cannot be waived once a reason for a competency hearing has surfaced, the trial court fundamentally erred in failing to make such a finding."); *see also Goodewardena v. State*, 347 So. 3d 1273, 1277 (Fla. 5th DCA 2022) (quoting *Zern*, 191 So. 3d at 965).

Once a defendant's competency is called into question, a trial court must make "an independent, legal determination" that a defendant is competent to proceed, even if the defendant withdraws his notice of incompetence after being evaluated, as Jones did. *Goodewardena*, 347 So. 3d at 1276; *Dougherty v. State*, 149 So. 3d 672, 677 (Fla. 2014) (holding trial court "retains the responsibility of the [competency] decision" and "[a]ccepting a stipulation improperly absolves the trial court from making an

---

[1] We affirm without further comment the remaining issues raised by Jones.

independent determination regarding a defendant's competency to stand trial" (quoting *McCray v. State*, 71 So. 3d 848, 862 (Fla. 2011))). Therefore, we remand for a hearing to determine Jones's competency at the time of trial or for a new trial if a nunc pro tunc competency determination is not possible. *Dougherty*, 149 So. 3d at 678–79 ("A new trial is not always necessary where the issue of competency was inadequately determined prior to trial; a retroactive determination of competency is possible."); *Goonewardena*, 347 So. 3d at 1277 ("[W]e reverse and remand for a nunc pro tunc determination of competence. To the extent such a determination cannot be made, we remand for a new trial.").

AFFIRMED in part; REVERSED in part; and REMANDED with directions.

SASSO and TRAVER, JJ., concur.