FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-3857

_____

DANIEL J. DAVIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.


September 18, 2024


PER CURIAM.

    Daniel J. Davis appeals his conviction and sentence for lewd or lascivious molestation on a child under twelve years of age and lewd or lascivious molestation of a child over twelve years of age. We reverse and remand for a *nunc pro tunc* competency determination.

    After defense counsel submitted an expert examination report concluding that Appellant was not competent to proceed to trial, the State submitted an examination report from a second expert concluding that Appellant was competent to proceed. The trial court then ordered the appointment of a third expert to evaluate Davis. *See* Fla. R. Crim. P. 3.210(b). However, the third report was not filed before trial. The trial court set a competency hearing,

but the record lacks any transcript or other indication that a competency hearing was held. No written order finding Davis competent to proceed is contained in the record. *See* Fla. R. Crim. P. 3.212(b).

Upon the State's concession of error and request for remand, we reverse and remand for a retroactive determination of competency, if possible. *See Diamond v. State*, 344 So. 3d 529, 530 (Fla. 1st DCA 2022); *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016).[*] If the court finds that Davis was competent at the time of trial, it must enter a *nunc pro tunc* order memorializing that finding with no change in the judgment or sentence. *Id.* If a retroactive determination is impossible, or if the court finds that Davis was incompetent to proceed to trial, Davis will be entitled to a new trial if and when competent to proceed. *Id.*

Davis' request that we certify a question to the Florida Supreme Court of great public importance relating to the number of jurors required is denied. *See Phillips v. State*, 316 So. 3d 779, 786–87 (Fla. 1st DCA 2021).

REVERSED and REMANDED with instructions.

ROBERTS, BILBREY, and M.K. THOMAS, JJ., concur.

---

[*] Recently, in *Awolowo v. State*, 49 Fla. L. Weekly D1458, D1560, 2024 WL 3352479, *4 (Fla. 1st DCA July 10, 2024) we found that a trial court's failure to hold a competency hearing after ordering an expert examination of the defendant's competency was not fundamental error where "there were no reasonable grounds to question [the defendant's] competency in the first place." *See also Hicks v. State*, 49 Fla. L. Weekly D1528c, 2024 WL 3432603 (Fla. 1st DCA July 17, 2024). This case is distinguishable because the only reports filed in *Awolowo* and *Hicks* concluded the defendants were competent to proceed, while here there is an expert report finding that Davis is incompetent.

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

Jessica J. Yeary, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Darcy Townsend, Assistant Attorney General, Tallahassee, for Appellee.