# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1352
LT Case No. 2021-CF-004512-A

_____

ABEL NAVARRO,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Jeffrey Borello, Judge.

Matthew J. Metz, Public Defender, and Brian Hyer, Assistant
Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, and Kristie Regan, Assistant
Attorney General, Tallahassee, for Appellee.

August 1, 2025

BOATWRIGHT, J.

Appellant, Abel Navarro ("Navarro"), appeals his convictions
and sentences for one count of attempted second-degree murder of
a law enforcement officer and seven counts of aggravated assault
on a law enforcement officer. He argues the lower court erred when

it: 1) failed to conduct a hearing and make a determination regarding his competency after it determined there were reasonable grounds to believe he was incompetent to stand trial; and 2) sentenced him in the absence of a Florida Criminal Punishment Code scoresheet. We agree and reverse.

I.

Navarro was arrested in May 2021, as a result of an altercation with law enforcement officers who were attempting to arrest him on an active warrant. As a result of the incident, Navarro was charged by information with eight counts of attempted second-degree murder of a law enforcement officer.

In October 2022, defense counsel filed a motion for psychological evaluation by an expert pursuant to Florida Rule of Criminal Procedure 3.210. As grounds for the motion, counsel alleged:

> Defendant has a history of psychiatric issues and has been deemed incompetent "Baker Act) [sic] a couple of times in the past, at least one suicide attempt, and multiple concussions and related serious head injuries supportive of a possible post traumatic stress disorder and or other brain disorder which remains untreated. Defendant is believed to have been incompetent and or insane at the time of the offense herein. Defendant also has a very lengthy severe history of opiate dependencies.

The court entered a written order that same month, entitled "Order for Competency Evaluation," in which it indicated that "the question of competency of [Navarro] to proceed ha[s] been raised in accordance with the provisions of Rule 3.2109(b) [sic], Florida Rules of Criminal Procedure and § 916.15, Florida [S]tatutes" and that the court had "reasonable grounds to question [Navarro's] competency to proceed." The court appointed Alan J. Harris, Ph.D. as a qualified expert to examine Navarro and evaluate his competency to stand trial pursuant to Florida Rule of Criminal Procedure 3.211. The court entered an amended order for competency evaluation in November 2022, amended only to change

2

the qualified expert performing the evaluation to Dr. Jennifer Rohrer, Ph.D.

This is the extent of the record as to the issue regarding Navarro's competency. It does not appear to have been raised again. In April 2023, the court addressed Navarro's then-pending motion to represent himself and held a *Faretta*[1] hearing. The issue of Navarro's competency was not addressed at that hearing, and the trial court allowed Navarro to represent himself. The case proceeded to trial, which was held in March 2024; and Navarro was ultimately found guilty as to one count of attempted second-degree murder of a law enforcement officer and guilty of seven counts on the the lesser-included offenses of aggravated assault on a law enforcement officer.

The court held a sentencing hearing in May 2024. The parties stipulated that Navarro was required to be sentenced to life in prison for Count 1 pursuant to section 782.065, Florida Statutes (2024), and that Counts 2-8 carried a minimum mandatory sentence of three years in prison. There is no sentencing scoresheet in the record, and the transcript of the sentencing hearing does not indicate that one was ever presented to the court. Following the sentencing hearing, the court orally pronounced the following sentence: life in prison on Count 1, fifteen years in prison on Count 2, to run consecutively to the sentence for Count 1; fifteen years in prison on Count 3, to run consecutively to the sentence for Count 2; and fifteen years in prison on each of Counts 4-8, to run concurrently with each other and consecutively to the sentence for Count 3. The court additionally imposed a twenty-year minimum mandatory on Count 1 pursuant to section 775.087(2)(a), Florida Statutes (2024). The written sentence reflected this pronouncement. Navarro was appointed counsel who timely moved under Florida Rule of Criminal Procedure 3.800(b) for correction of Navarro's sentence, arguing that it was error for Navarro to be sentenced in the complete absence of a scoresheet. The trial court did not rule on the motion; and thus, it was deemed denied.

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

3

II.

A.

Navarro's first argument on appeal is that the lower court committed fundamental error when it failed to conduct a competency hearing and make an independent competency determination after it found there were reasonable grounds to believe he was not competent to proceed and ordered a competency evaluation. He contends that this Court should reverse and remand for the lower court to determine whether it can make a nunc pro tunc finding as to his competency at the time of the critical stages of the proceedings; and if not, he argues that the judgment and sentences should be vacated and his current competency should be evaluated.

"It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). In this regard, the United States Supreme Court has stated that "the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Id.* (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966)). As such, "a criminal prosecution may not move forward at any material stage of a criminal proceeding against a defendant who is incompetent to proceed." *McCray v. State*, 71 So. 3d 848, 862 (Fla. 2011) (quoting *Caraballo v. State,* 39 So. 3d 1234, 1252 (Fla. 2010)).

Florida Rules of Criminal Procedure 3.210–.212 set forth the required competency hearing procedures for determining whether a defendant is competent to proceed. In particular, Florida Rule of Criminal Procedure 3.210(b) governs the procedure for a trial court's proceedings when it has reasonable grounds to believe a defendant may not be competent to proceed. The 2022 version of the rule provided:

> **(b) Motion for Examination.** If, at any material stage of a criminal proceeding, the court of its own motion, or

4

on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at any examination ordered by the court.

If a trial court enters an order finding there are reasonable grounds to believe a defendant is not competent to proceed and orders the defendant to undergo an evaluation, the requirements of rule 3.210(b) are triggered. *See Goonewardena v. State*, 347 So. 3d 1273, 1276 (Fla. 5th DCA 2022); *accord Flaherty v. State,* 266 So. 3d 1187, 1188 (Fla. 4th DCA 2019) ("When a trial court orders an evaluation, it suggests there are reasonable grounds to believe the defendant is incompetent.") (citing *Silver v. State*, 193 So. 3d 991, 993 (Fla. 4th DCA 2016)).

Pursuant to Rule 3.210(b), a competency hearing is mandatory if the trial judge has reasonable grounds to suggest a defendant is not mentally competent to proceed. *Carrion v. State*, 859 So. 2d 563, 565 (Fla. 5th DCA 2003) (holding that the failure to hold a competency hearing deprives the defendant of his constitutional right to a fair trial in violation of the due process clause of the Fourteenth Amendment to the United States Constitution (citing *Pate,* 383 U.S. at 378; *Jones v. State,* 740 So. 2d 520, 522 (Fla. 1999); *Broomfield v. State,* 788 So. 2d 1043, 1044–45 (Fla. 2d DCA 2001)). The Florida Supreme Court has emphasized that trial courts ought to follow the specific procedures delineated in Rules 3.210–.212, but has held that the formal hearing requirement of Rule 3.210(b) can be waived by stipulation of the parties if they consent that the lower court may determine competency based on the written reports alone. *Dougherty v. State*, 149 So. 3d 672, 678 (Fla. 2014) ("[W]here the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written reports alone." (first quoting *Fowler v. State,* 255 So. 2d 513, 515 (Fla. 1971); and then citing *Jones v. State*, 125

5

So. 3d 982, 984 (Fla. 4th DCA 2013))); *see also Goonewardena*, 347 So. 3d at 1276–77; *Presley v. State*, 199 So. 3d 1014, 1017–18 (Fla. 4th DCA 2016) (holding that "[a] proper hearing to determine whether competency has been restored generally requires calling court-appointed expert witnesses," but "[a] status hearing may constitute a sufficient competency hearing if the court reviews a written competency evaluation at the parties' direction and makes an independent finding that the defendant is competent to proceed" (citing *Merriell v. State,* 169 So. 3d 1287, 1288 (Fla. 1st DCA 2015))). However, "[w]hat cannot be waived . . . is a defendant's right to have the trial court make an independent, legal determination that he is competent to proceed once his competency has been called into question." *Goonewardena*, 347 So. 3d at 1276–77 (citing *Dougherty,* 149 So. 3d at 676–78; *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016)). "Accordingly, a trial court commits reversible error when it does not make an independent determination that a defendant is competent to stand trial." *Id.* at 1277 (citing *Zern*, 191 So. 3d at 965 ("Because an independent competency finding is a due-process right that cannot be waived once a reason for a competency hearing has surfaced, the trial court fundamentally err[s] in failing to make such a finding.")).

In this case, the record is clear that trial counsel moved for a competency evaluation. In addition, the court found that there were reasonable grounds to believe Navarro was incompetent; but the court never made an independent determination as to Navarro's competency. In fact, it appears from the record that Navarro never even underwent a psychological evaluation, and the court never addressed this issue again after signing the amended order. Thus, because the court never made an independent determination as to Navarro's competency, this constitutes reversible error.

The State, in its answer brief, cites to *Awolowo v. State*, 389 So. 3d 788 (Fla. 1st DCA 2024), which appears to be the lone appellate case in which the lower court was held not to have erred in failing to make an independent competency determination after ordering a psychological evaluation. In *Awolowo,* counsel had filed a boilerplate motion requesting a competency evaluation which "alleged no specific facts about Awolowo's competency." *Id.* at 791.

6

The trial court appointed an expert to examine Awolowo, but the order did not contain any language providing that the court found there were reasonable grounds to question Awolowo's competency. *Id.* at 797. After the expert was appointed, the expert filed a report with the court finding Awolowo competent to proceed. *Id.* at 791.

The First District ruled that these precise facts supported a narrow exception to the general premise that an order appointing an expert to evaluate a defendant's competency triggers the requirement for an independent competency determination. *Id.* at 798. In so ruling, the Court found that defense counsel's motion did not provide a factual basis for his assertion that there were reasonable grounds to believe Awolowo was incompetent. *Id.* at 796. And thus, this "boilerplate motion was not nearly enough to raise reasonable grounds to believe that Awolowo was" incompetent. *Id.* "Rather, under the rule, it was counsel's duty to inform the court of the facts supporting his belief that Awolowo was not competent to stand trial." *Id.* (citing *Brooks v. State,* 180 So. 3d 1094, 1095 (Fla. 1st DCA 2015)). Further, the trial court's order appointing the expert to evaluate Awolowo did not state that the trial court had reasonable grounds to believe that Awolowo was incompetent to proceed, nor did it recite facts or circumstances that would provide reasonable grounds to believe the defendant was incompetent to proceed. *Id.* at 797. Finally, there was nothing in the record to show Awolowo had ever been found incompetent to proceed; and a court-appointed psychologist who evaluated Awolowo found that he was competent to proceed. *Id.* According to the court, since Awolowo did not object at trial to the lack of a competency hearing or determination during the trial court proceedings, the court found that the trial court had not committed fundamental error "[b]ecause nothing in the Rule 3.210 motion, nothing in the trial court's order appointing an expert, and nothing in the record provided reasonable grounds to believe that Awolowo was incompetent to proceed." *Id.* at 798.

These facts are markedly distinguishable from those in the instant case. Unlike in *Awolowo*, where the motion did not allege a recital of the specific observations indicating the defendant's incompetency as required by rule 3.210, in this case, the motion alleged that Navarro had a history of being Baker Acted and of substance abuse, and that there was a good faith belief that he was

not only incompetent to stand trial but also insane at the time of the offense. Additionally, the trial court's order specifically indicated the lower court found there were reasonable grounds to question Navarro's competency to proceed, unlike the order in *Awolowo*. And finally, here, there was no expert report filed indicating Navarro was competent to proceed—to the contrary, it appears Navarro was never even evaluated. Thus, there is no basis in this record to find that this case falls under the narrow exception in *Awolowo*.

Because the record shows that defense counsel filed a legally sufficient motion under rule 3.210, and the lower court found there were reasonable grounds to believe Navarro was not competent, the court was required to make an independent determination regarding Navarro's competency; and it erred in not doing so. Normally, when a trial court commits such error, the proper remedy is to reverse and remand for a new trial. *Goonewardena*, 347 So. 3d at 1277 (citing *Dougherty*, 149 So. 3d at 678–79). However, the error can be remedied on remand by conducting a retrospective competency determination to determine the defendant's competency. *See Dougherty*, 149 So. 3d at 679 (citing *Fowler,* 255 So. 2d at 515). Courts have recognized that a nunc pro tunc evaluation can be done in certain limited circumstances. *Baker v. State,* 221 So. 3d 637, 641 (Fla. 4th DCA 2017). Specifically, the Florida Supreme Court has held that "a nunc pro tunc competency evaluation [can] be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.'" *Dougherty,* 149 So. 3d at 679 (quoting *Mason v. State,* 489 So. 2d 734, 737 (Fla. 1986)). Thus, when this Court has reversed a trial court for not making an independent determination regarding competency, we have instructed the lower court to conduct a nunc pro tunc determination of competency if possible and to hold a new trial if not. *Yancy v. State*, 280 So. 3d 1112, 1113–14 (Fla. 5th DCA 2019).

B.

As to Navarro's second issue, he correctly argues that the lower court reversibly erred in sentencing him without a scoresheet. When a sentence is being imposed following a trial or

entry of a plea, "an accurate scoresheet must be prepared to inform and guide the court in making its sentencing decision." *Fernandez v. State*, 199 So. 3d 500, 502 (Fla. 2d DCA 2016). As such, "[s]entencing a defendant without the consideration of a scoresheet is fundamental error that may be raised at any time." *Fain v. State,* 308 So. 3d 190, 192 (Fla. 4th DCA 2020) (citing *Cosme v. State*, 111 So. 3d 280, 282–83 (Fla. 4th DCA 2013)). In this matter, as there is no sentencing scoresheet in the record, and the transcript of the sentencing hearing does not indicate that one was ever presented to the court, the trial court erred in sentencing Navarro without a scoresheet.

## III.

Therefore, because the trial court erred in not making an independent determination that Navarro was competent to proceed to trial, we reverse and remand for a nunc pro tunc determination of competence. If the trial court can make a retrospective competency determination, then it will need to resentence Navarro using a scoresheet. However, to the extent such a determination cannot be made, we remand for a new trial.

REVERSED AND REMANDED for further proceedings consistent with this opinion.

LAMBERT and PRATT, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————